# Heck *v.* Collins, Appellant.

*Equity—Partnership—Accounting—Substitution of partner—Findings of fact—Parties—Equity practice.*

1. A bill in equity by one person against two others for an accounting of profits from the sale of timber lands cannot be maintained, where it appears that the plaintiff, and one of the defendants and a third person, had purchased the lands as partners in order to sell them at a profit, and that subsequently after the third partner had removed to a distant part of the country, the two defendants had sold the lands at a profit, if there is also nothing in the evidence to show that the third party had withdrawn from the partnership, and that the second defendant had been substituted as a partner in his place.

2. In such a case where the third partner in the original agreement testifies that he never withdrew from the partnership, and the plaintiff does not say that he ever had any conversation directly with the third party as to the withdrawal, but merely alleges that the defendant partner told him over the 'phone that the third partner had withdrawn or abandoned the enterprise, the trial court commits error in refusing defendant's request for a finding that the third partner never withdrew from the original association as alleged.

3. The withdrawal of the third original partner is a material element

in the plaintiff's right to recover, because, if he were still a partner, he would have a right to share the profits, and could compel the defendants to account to him.

4. In reversing a decree for the plaintiff in such a case, the appellate court will direct that plaintiff be permitted to amend his bill by making the original third partner a party defendant, and that if the amendment is not made, a decree shall be entered dismissing the bill.

Argued Feb. 20, 1911. Appeal, No. 219, Jan. T., 1910, by defendants, from decree of C. P. Potter Co., June T., 1909, No. 1, directing an account on bill in equity in case of Albert S. Heck v. John R. Collins and Dorr R. Cobb. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Bill in equity for an accounting. Before SMITH, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree awarding an accounting.

*John G. Johnson* and *Archibald F. Jones*, with them *A. N. Crandall*, and *W. I. Lewis*, for appellants.—The evidence fails to establish a substitution of Cobb. Heck is the only one who testifies to anything of the sort and his statements in this respect are denied by the answers filed and by the evidence of both Cobb and Collins. In equity as well as at law the allegations and proofs must be set forth and support the same cause of action or defense: Luther v. Luther, 216 Pa. 1; Zook v. R. R. Co., 206 Pa. 603; Thompson's App., 126 Pa. 367; Woods v. McMillan, 32 Pitts. Leg. Jr. 363; Sloan v. James, 7 Del. County Rep. 318; Bellows v. Stone, 14 N. H. 175.

W. H. Sullivan is an indispensable party to the proceedings: Lance's App., 112 Pa. 456; Miller's Est., 159 Pa. 562; Edwards v. Brightly, 44 Leg. Int. 132; Petitt v. Baird, 10 Phila. 57; Middletown H. & S. St. Ry. Co. v. Ry. Co., 16 Pa. C. C. Rep. 127; Joy v. Wirtz, 1 Wash. C. C. Rep. 517.

The absence of Sullivan from the jurisdiction of the court is no excuse for his nonjoinder. Service could have been made under the Act of April 6, 1859, P. L. 387. See Coleman's App., 75 Pa. 441; Eby's App., 70 Pa. 311; Huntzinger v. Phila. Coal Co., 11 Phila. 609.

*W. K. Swetland,* for appellee.—There was no nonjoinder of an indispensable party: Mich. State Bank v. Gardner, 69 Mass. 305; Voorhees v. Melick, 25 N. J. Eq. 523; Cutler v. Tuttle, 19 N. J. Eq. 549; Coleman's App., 75 Pa. 441.

OPINION BY MR. JUSTICE MESTREZAT, April 10, 1911:

We cannot agree with the court's finding that "for the purpose of this case and of the right of plaintiff to an account of the profits of the transaction derived by the defendants, it is immaterial whether Sullivan ever withdrew. Sullivan's rights as against his associates are not in controversy here and until he asserts them it is not necessary to pass upon the question."

This was a bill filed for discovery, an accounting, and to compel payment of the amount found due the plaintiff by the defendants. From the averments of the bill and the facts found by the court below it appears that in 1904 Heck, the plaintiff, Collins, one of the defendants, and W. H. Sullivan entered into a partnership to purchase and sell certain lands in Tennessee. Each of the parties was to contribute one-third of the necessary expenses of investigating the properties and were to share equally in the profits arising out of the transaction. They had under consideration three tracts of land, but upon investigation it was found that the Embreville Iron Company tract was the only attractive proposition and one out of which money could be made. They had an estimate made of the timber on the tract with the purpose of procuring prospective purchasers. Heck paid to Sullivan $100 as his share of the expenses incurred in the investigation. All the parties spent considerable time and some money in an endeavor to

dispose of the timber on the tract at a profit to themselves. A sale was not consummated in the spring of 1905 when Sullivan removed from Potter county to the south to engage in business there. Subsequently, Heck was informed by Collins that Sullivan had abandoned the enterprise, and with the consent of Collins he entered into an agreement with the defendant Cobb with a view to effecting a sale of the Embreville timber tract on a commission basis, the parties to share equally in the profits. Some time thereafter Collins and Cobb effected a sale of the tract from which they received commissions or profits. This bill was filed by Heck against Collins and Cobb to compel payment to him of one-third of the profits. The court so decreed and the defendants have appealed.

In the fourth paragraph of the bill it is averred that Sullivan voluntarily abandoned the purpose of the partnership and so informed Collins, and that thereupon Heck with Collins's consent induced Cobb to engage in the enterprise in the place of Sullivan to further prosecute the purpose of the original partnership arrangement. This averment was denied by Collins in his answer, and Cobb denied in his answer the alleged substitution of himself in place of Sullivan. On the trial of the cause the defendants requested the court to find that Sullivan never withdrew from the original association or alleged partnership with Heck and Collins as alleged in the fourth paragraph of the plaintiff's bill. The request was refused. The refusal was followed, however, by a statement by the court which we think shows the error of the court's answer to the request. The court says in this statement, that Sullivan testified that he never withdrew from the partnership and that Heck does not say that he ever had any conversation directly with Sullivan as to the withdrawal, but alleges that Collins told Heck over the 'phone that Sullivan had withdrawn or abandoned the enterprise. Conceding this to be true, the learned court should have affirmed the defendants' request. The fact, if it be a fact, that Collins told Heck over the 'phone that Sullivan had abandoned

the partnership was wholly insufficient to warrant the the court in so finding. On the other hand, Sullivan, as appears by the court's statement, testified that he did not withdraw from the partnership.

The plaintiff's right to relief under the averments of his bill required him to establish Sullivan's withdrawal from the original partnership and the substitution of Cobb in his place. If Sullivan did not withdraw and the sale of the property was made by the original partnership, he is entitled to his share of the commissions. As pointed out above, the evidence required the court to find that Sullivan never had withdrawn from the partnership. The plaintiff can recover only if he sustains the averments of his bill that Sullivan withdrew from the original partnership which had obtained the property for sale, that Cobb had taken the place of Sullivan, and the property was sold by the plaintiff and the two defendants under the terms of the original partnership.

The plaintiff having failed to sustain the averment that Sullivan withdrew from the original partnership, the basis of the right to the relief prayed for, it is apparent, we think, that the learned court was in error in holding that Sullivan's withdrawal from the partnership was immaterial so far as it affected the plaintiff's right to an account from the defendants. If the sale was made by the original partnership, as the averments of the bill considered in the light of the testimony seem to indicate, Sullivan, as well as Heck, the plaintiff here, would be entitled to his share of the commissions, and should, therefore, have been made a party to the bill. Heck claims the right in this proceeding to recover the one-third of the moneys remaining in the hands of the defendants as profits derived from the sale of the Embreville tract of land or timber, but it is upon the theory that he and the two defendants were the only parties interested in the sale. Under the terms of the original partnership, he is not entitled to this share of the profits if Sullivan remained a member of the firm and is entitled to participate in the profits of the sale. Before

the defendants can be required to account for the money in their hands arising from these profits, it is apparent that Sullivan's rights therein should be adjudicated. At all events, Sullivan has a right to the opportunity to be heard before he is deprived of his interest in the fund in dispute or the defendants are required to account to Heck. Without such opportunity, Sullivan would not be bound by the decree in this proceeding, and Collins and Cobb might be required to account to him for a share of the money realized from the sale of the property.

We think the case should go back to the court below in order that the rights of all parties may be adjudicated after Sullivan has been brought on the record. The plaintiff should be given an opportunity to amend his bill so as to make Sullivan a party defendant. Under the pleadings and as the record now stands, the merits of the controversy cannot be determined. If, as appears by the evidence, Sullivan may have some interest in the fund in controversy, he should now assert his claim, otherwise the defendants will be compelled to account to him after they have paid to the plaintiff more than his share of the profits realized from the sale of the Embreville timber land.

The decree is reversed with a procedendo, and the court is directed to permit the plaintiff to amend the bill by making W. H. Sullivan a party defendant, and if the amendment is not made, to enter a decree dismissing the bill.