## Heck *v.* Collins, Appellant.

*Equity—Findings of fact—Practice—Amendment—Equity rules —Rule 49.*

1. Findings of fact by a court of equity which are based upon competent evidence will not be reversed.

2. Where upon a reversal of a decree in equity, a procedendo is awarded, with the direction that plaintiff be allowed to amend his bill by bringing another party upon the record, such amendment may be made, under Rule 49 of the Equity Rules, within twenty days after the application to the court below for leave to amend, in compliance with the decree of the Supreme Court. The fact that the application to the court below was not made until more than twenty days after the decree of the Supreme Court is not material, nor that the actual amendment was made more than twenty days after the filing of the motion, where the delay was caused by the resistance of the defendant thereto.

Argued May 6, 1913.  Appeal, No. 386, Jan. T., 1912, by John R. Collins and Dorr R. Cobb, from decree of C. P. Potter Co., June T., 1909, No. 1, in Equity, granting

discovery and an accounting in case of Albert S. Heck v. John R. Collins, Dorr R. Cobb and W. H. Sullivan. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCH-ZISKER, JJ. Affirmed.

Bill in equity for discovery and an accounting. Before SMITH, P. J., specially presiding.

The opinion of the Supreme Court states the case. See also Heck v. Collins, 231 Pa. 357.

From the record it appeared that the Supreme Court on April 10, 1911, reversed the decree of the court below with a procedendo and directed the court below to permit the plaintiff to amend the bill by making W. H. Sullivan a party defendant, and if the amendment was not made to enter a decree dismissing the bill. On November 8th, 1911, the plaintiff moved to amend the bill by adding W. H. Sullivan as a party defendant, which motion was allowed against objection. The court made a final decree in favor of the plaintiff. Defendants Collins and Cobb appealed.

*Errors assigned* were various rulings on fact and law, the allowance of the amendment and the decree of the court.

*John G. Johnson*, with him *F. D. Gallup, W. I. Lewis, Archibald F. Jones* and *R. R. Lewis*, for appellants.

*W. K. Swetland*, for appellee.

OPINION BY MR. JUSTICE STEWART, June 27, 1913:

The conclusion of the learned chancellor that a partnership relation existed in connection with the sale of the timber land, the subject of the controversy, between himself and the appellants, is clearly derivable from the facts as he has found them. Appellant's contention is that the findings are not warranted by the evidence. A review and discussion of the evidence on which they

rest would prolong unduly this opinion. We do not regard it as necessary. We have carefully studied the evidence and have given careful consideration to the argument on behalf of the appellants, and are not convinced that any of the findings are without support in the evidence. We could be justified in disturbing them only as the contrary appears.

In reversing the decree on the former appeal, 231 Pa. 357, a procedendo was awarded, with direction that plaintiff be allowed opportunity to amend by bringing another party upon the record, thereby meeting an objection to the bill made in the court below. This amendment was accordingly made and allowed, against objection that it was not applied for within twenty days after the filing of the decree of this court reversing the court below, and in addition that plaintiff was guilty of laches in the prosecution of his suit. It is enough to say in answer that the limitation of twenty days as prescribed by rule 49 of our Equity Rules relates to the period following upon the order to amend within which amendment is to be allowed. The order of this court was not that the amendment be made, but that plaintiff be permitted to amend his bill by making W. H. Sullivan a party defendant, and if he made no such amendment that a decree should be entered dismissing the bill. This order contemplated an observance of the usual practice—an application on part of plaintiff in the court below for leave to amend within twenty days if he chose to amend, and on failure to apply for such leave, a dismissal of the bill. No order was made as to the time within which application was to be made, and it was open to the defendants at any time to move for a dismissal of the bill because of continued failure of plaintiff to present his motion. If more than twenty days elapsed from the filing of the motion until the amendment was finally made, it was because of the resistance of the defendants to the motion. We see no irregularity in the proceedings in this respect.

While the litigation apparently was much delayed in its beginning and prosecution, the chancellor having regard to the situation of the parties and the circumstances of the case acquitted the plaintiff of laches, and we are not convinced that he committed error in this regard.

The assignments of error are overruled and the appeal is dismissed.