## Hartley *v.* Langkamp and Elder, Appellants.

*Equity—Equity practice—Indispensable parties—Fraud—Fraudulent deed — Reconveyance — Legal owner — Practice, Supreme Court.*

1. In a proceeding in equity a party is indispensable when he has such an interest that a final decree cannot be made without affecting it, or leaving the controversy in such a condition that a final determination may be wholly inconsistent with equity and good conscience. The rule as to indispensable parties is neither technical nor one of convenience. It goes absolutely to the jurisdiction and without their presence the court may grant no relief.

2. One must be joined who otherwise, not being bound by the decree, might assert a demand against the principal defendant which would be inequitable after the latter's performance of a decree in favor of the plaintiff.

3. An objection to a proceeding on the ground of the absence of an indispensable party may be raised at any time, during the hearing or on appeal from the decree of the trial court.

4. In a proceeding in equity plaintiff's bill averred that one of the parties defendant, conspiring with the other, had fraudulently obtained a conveyance of land from the plaintiff, and prayed a decree that the plaintiff's deed to the defendant "and any deed which the defendant may have made to" the other defendant "for the property, or to any person" should be of no effect, and to order the same to be delivered up in court to be cancelled. The answer denied the conspiracy and alleged that the defendant grantee purchased the lot for his sister with her own money, that he took title under a dry trust, and that subsequently he had executed and delivered a deed for the property to her. Upon hearing the court below sustained the allegation of fraud, but also found that the

purchase money was paid by the sister, and that the defendant had taken title for her at her request, and had made a mortgage for the unpaid balance of purchase money; and entered a decree declaring the deed from plaintiff to defendant void and directed it to be deposited for cancellation; that the defendant "convey or cause to be conveyed" to the plaintiff the land in question; and that the plaintiff should pay into court the purchase money to be paid to the defendant when he complied with the decree, and should deposit the defendant's bond and mortgage for cancellation. *Held,* that defendants' grantee was an indispensable party and not having been joined, the court was without jurisdiction.

5. In such a case the Supreme Court in reversing the decree will grant a procedendo with directions to the court below to permit the plaintiff to amend the bill so as to bring the indispensable party as a defendant on the record.

Argued Nov. 5, 1913. Appeal, No. 257, Oct. T., 1913, by defendants, from decree of C. P. Allegheny Co., June T., 1913, No. 617, in case of Robert H. Hartley v. Herman H. Langkamp and John H. Elder. Before BROWN, POTTER, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Bill in equity to annul a deed and to enforce reconveyance. Before SHAFER, J.

The opinion of the Supreme Court states the case.

The court entered a decree in accordance with prayer of the plaintiff's bill. Defendants appealed.

*S. S. Robertson,* for appellant.—The only real party in interest is absent from the case and the court is therefore without jurisdiction: Williams v. Hankhead, 86 U. S. 563; Barney v. Baltimore, 73 U. S. 280; Mallow v. Hinde, 25 U. S. 193; Elmendorf v. Taylor, 23 U. S. 152; Gloninger v. Hazard, 42 Pa. 389.

*John S. Ferguson,* with him *Arthur D. Harnden* and *A. M. Imbrie,* for appellee.—It was not necessary to make defendant's grantee party to the bill: Sedgwick v. Cleveland, 7 Paige Ch. 287; Sweet v. Parker, 22 N. J.

Eq. 453; Vetterlein v. Barnes, 124 U. S. 169; McArthur v. Scott, 113 U. S. 340; Irwin v. Keene, 3 Whart. 347.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1914:

This is a bill filed by the plaintiff against Herman H. Langkamp and John H. Elder to annul a deed made by the plaintiff to Langkamp, and to require the latter to reconvey the property to the plaintiff. The bill avers inter alia that the plaintiff being the owner of a lot of ground in the City of Pittsburgh placed it in the hands of a number of real estate agents, among whom was one A. L. Detchon, for sale; that the property was conveyed by the plaintiff and his wife to Langkamp on September 4, 1912; that he subsequently learned that Elder and Langkamp conspired with Detchon to procure the plaintiff to make the deed to Langkamp so that he and Elder might use their control of it for the purpose of extorting money from the neighboring owners by threatening to build undesirable buildings thereon, and the conveyance was procured by false and fraudulent representations made to the plaintiff by Elder and Langkamp as to the purpose of the purchase and the person of the purchaser, thereby procuring a sale to be made by the plaintiff which he would not have made but for those false and fraudulent representations. The bill sets out in detail the conduct of the alleged conspirators in procuring the conveyance, and prayed the court inter alia "to order and decree the aforesaid deed made by me and my wife to said Langkamp and any deed which he may have made to the said Elder for the same property, or to any other person, to be of no effect and to order the same to be delivered up in open court to be canceled."

A demurrer was filed by the defendants but was overruled. They then filed separate answers. They denied the alleged conspiracy and procurement of the title by fraud, and Langkamp averred that the lot was purchased by him for his sister, Clara E. Elder, wife of John H. Elder, that the purchase money was paid by her out

of money furnished to him by her belonging to her separate estate, and no part of the money was furnished or provided by her husband; that he took title to the property in trust for her under a dry trust, and on December 31, 1912, to remove the cloud upon her title, he executed and delivered to her a deed for the property. A replication was filed by the plaintiff and issue was joined on the matters set out in the answers.

The learned chancellor in the court below sustained the allegations in the bill as to the conspiracy and fraudulent conduct of the defendants. He found that the consideration for the conveyance was $20,000, $1,000 in cash, an additional $6,000 at the time of the delivery of the deed, and $13,000 secured by a purchase money mortgage executed by Langkamp; that the purchase money, except the amount for which the mortgage was given, was paid by Mrs. Elder; that Langkamp took title in trust for his sister at her request and in furtherance of the transaction he made the mortgage for the unpaid purchase money. The learned chancellor entered a decree that the deed from Hartley to Langkamp was null and void and vested no title in Langkamp and directed him to deposit the same for cancellation; that Langkamp "forthwith convey or cause to be reconveyed to the said plaintiff the lot of ground described in the bill; that the plaintiff pay into court $7,000 and deposit in court the bond and mortgage given to secure payment of the balance of the unpaid purchase money for the purpose of cancellation and redelivery to Langkamp; and that the $7,000 be paid to Langkamp when he has complied with the decree." The defendants have appealed from this decree.

We have stated the facts only so far as we deem them necessary to dispose of the case in the view we take of it. The merits of the case as to Langkamp and Elder we are not concerned with now, and we express no opinion on the findings of the learned chancellor as to the facts or law affecting them. We are of the opinion that Mrs.

Clara E. Elder was an indispensable party to the proceeding and that without her having been made a party, the learned court below was without jurisdiction. It is an uncontroverted fact under the findings in the case that Langkamp took the title to the property and held it for Mrs. Elder, and that she paid all the purchase money due and payable and that the mortgage was given by Langkamp to secure the balance of the purchase money in furtherance of the purchase made of the premises for Mrs. Elder. It is, therefore, clear that the title to the property is now vested in Mrs. Elder and not in Langkamp, that she is directly interested in the proceeding instituted by the plaintiff to compel a cancellation of the deed to Langkamp and a reconveyance by him, and that to enforce the alleged right of the plaintiff to a reconveyance of the property to him Mrs. Elder must be made a party to the proceeding. A part of the prayer of the bill, it will be observed, is that any deed which Langkamp "may have made to said Elder for the same property or to any other person" be canceled, and the decree is that he "convey or cause to be reconveyed" to the plaintiff the lot of ground in controversy. The prayer of the bill would, therefore, require the court to annul the deed made by Langkamp to Mrs. Elder, and the decree, though somewhat indefinite, may be intended to have the same object in view. It is not clear what the learned court below meant by requiring Langkamp to "cause (the property) to be reconveyed" if he did not have the title and therefore could not comply with the decree. It is certain that, as Mrs. Elder was not a party to the proceeding, the court could not divest or destroy her title to the premises, and it is not clear how the learned court could enforce its decree requiring Langkamp to cause Mrs. Elder to convey her title to the plaintiff. It is horn book law, recognized in all jurisdictions, that where a decree in equity is to affect a title, all holding or claiming such title must be made parties to the proceeding. Without Mrs. Elder being made a

party to the proceeding no complete adjudication of the
plaintiff's title or right to the property can be made. If
Langkamp obey the decree entered here, and execute
and deliver to the plaintiff a deed for the lot of ground,
it does not place the title in the plaintiff, because Lang-
kamp by a prior deed has conveyed the title to another
party. Again, the decree is unjust to Langkamp, in that
if he convey, Mrs. Elder not being a party to the pro-
ceedings, he would be responsible to her for any dam-
ages or injury resulting by reason of the reconveyance
to the plaintiff. For this reason, it is said in 16 Cyc.
188, "One must be joined who otherwise, not being bound
by the decree, might assert a demand against the prin-
cipal defendant which would be inequitable after the
latter's performance of a decree in favor of the plaintiff."
The decree if enforced would also be unjust to Mrs.
Elder because of the fact that having paid the purchase
money, she and not Langkamp is entitled to receive the
seven thousand dollars directed by the court to be paid
to the latter on his reconveyance of the property to
the plaintiff. This directly affects Mrs. Elder, and
whether her title would be affected or not by the decree
entered here, her right to the seven thousand dollars if
the decree be enforced must, under the facts found by the
court, be unquestioned. The decree, therefore, so far as
Mrs. Elder is concerned, is inequitable and without good
conscience, and this being clearly shown by the facts
disclosed in the case, the court was without jurisdiction
to make it. Mrs. Elder is an indispensable party to the
proceeding and when this was discovered by the answer
filed by Langkamp, the court should have required the
plaintiff before proceeding further to amend his bill and
make her a party. It is said in 16 Cyc. 189, citing
numerous cases to sustain the text: "A party is indis-
pensable when he has such an interest that a final decree
cannot be made without affecting it, or leaving the con-
troversy in such a condition that the final determination
may be wholly inconsistent with equity and good con-

science. That is to say his presence as a party is indispensable where his rights are so connected with the claims of the litigants that no decree can be made between them without impairing such rights.......The rule as to indispensable parties is neither technical nor one of convenience; it goes absolutely to the jurisdiction, and without their presence the court can grant no relief. Thus where the object of a bill is to divest a title to property, the presence of those holding or claiming such title is indispensable."

It is a settled rule of equity jurisprudence that as the absence of an indispensable party goes to the jurisdiction of the court, an objection to the proceeding on that ground may be raised at any time, during the hearing or on an appeal from the decree of the trial court. The court may, of its own motion, for the like reason, raise and pass upon the objection, and if the ground of want of jurisdiction be not removed by bringing the proper parties on the record as parties to the proceedings the chancellor may dismiss the bill.

We are of opinion that Mrs. Elder is an indispensable party to a proceeding to cancel the Langkamp deed and compel a reconveyance of the property. We are not disposed, however, to reverse and dismiss the bill, but will follow the practice adopted in Heck v. Collins at 231 Pa. 357 and give the plaintiff an opportunity to amend his bill so as to make Mrs. Elder a party defendant. The merits of the controversy between the parties as to the title to the premises in dispute can, after the amendment, be completely and finally adjudicated.

The decree is reversed with a procedendo, the costs of this appeal to be paid by the appellee; and the court below is directed to permit the plaintiff to amend his bill by making Clara E. Elder a party defendant. If the amendment be not made within thirty days from the filing of the remittitur, the court shall enter a decree dismissing the bill.