## Hartley *v*. Langkamp and Elder, Appellants.

*Equity practice—Appeals—Remittitur—Amendment of bill—Allowance.*

Where a decree for plaintiff in a proceeding in equity has been reversed by the Supreme Court with a procedendo, and direction that he be permitted to amend the bill by making an indispensable party a defendant and that if the amendment be not made within thirty days from the filing of the remittitur the bill shall be dismissed, and after such party was made a joint defendant the bill was found defective in substance on demurrer, the granting of leave to plaintiff to further amend within ten days is not violative of the letter or spirit of the decree of the Supreme Court.

Argued Oct. 16, 1914.  Appeal, No. 159, Oct. T., 1914, by defendants, from decree of C. P. Allegheny Co., Jan. T., 1913, No. 617, in equity in case of Robert H. Hartley v. Herman H. Langkamp, and John H. Elder and Clara E. Elder.  Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Bill in equity to annul a deed and to enforce a reconveyance.

Demurrer to amended bill of complaint.  Before SWEARINGEN, J.

The facts appear in the opinion of the Supreme Court and in Hartley v. Langkamp and Elder, 243 Pa. 550.

The court sustained the demurrer with leave to file an amended bill within 10 days.  Plaintiffs filed an amended bill; defendants demurred to the amended bill; the court overruled the demurrer and entered a decree in favor of plaintiffs.  Defendants appealed.

*Error assigned,* among others, was in allowing the plaintiff to file an amended bill after the demurrer of Clara E. Elder had been sustained.

*S. S. Robertson* for appellant.

*A. M. Imbrie,* with him *Arthur D. Harnden,* for appellee.


PER CURIAM, January 2, 1915:

The facts in this case appear in Hartley v. Langkamp and Elder, 243 Pa. 550, and need not be here repeated. On February 9, 1914,—within thirty days from the date of the return of the record to the court below—the complainant amended his bill by making Clara E. Elder a party to it. On May 5, 1914, nearly three months afterwards, a demurrer to the amended bill was sustained, with leave to the complainant to further amend within ten days. It is of this that the appellants complain, on the ground that the court below was powerless to allow any amendment after the expiration of thirty days from the filing of the remittitur, in view of the terms of our decree remitting the case for an admendment of the bill. The decree was: "The court below is directed to permit the plaintiff to amend his bill by making Clara E. Elder a party defendant. If the amendment be not made within thirty days from the filing of the remittitur, the court shall enter a decree dismissing the bill." The purpose of this decree was to give complainant an opportunity to amend his bill, for the reason set forth in the opinion of Mr. Justice MESTREZAT. Within thirty days from the filing of the remittitur he did amend his bill by making Clara E. Elder a defendant, but the court, on May 5, 1914, adjudged it insufficient as amended, and, instead of dismissing it, properly granted leave to further amend within ten days. This was within the clear spirit, if not the strict letter, of our decree, and the bill as amended should have been answered.

The decree entered in default of answers is, therefore, affirmed, with costs.