## Commonwealth v. Baltimore & Ohio Railroad Co. et al.

*R. C. Derrick,* Deputy Attorney General, for Commonwealth.

*John G. Masick, Bearer, Masick & Newlon, Isaac J. Silin, Reed, Smith, Shaw & McClay, James G. Marks, Jr., Spinelli & McLean, Richard B. Gordon, John L. Rogers, Jr.,* and *M. Clyde Sheaffer,* for defendants.

HERMAN, J., June 30, 1961.—While we can find no direct authority for holding here that R. J. Hopkins should be joined as an involuntary plaintiff in this action, we are convinced that the rationale of all the cases points unmistakably in this direction. And, in any event, we believe that the ends of justice will best be served and a multiplicity of suits avoided if all of the persons interested in the outcome of the case are made parties to it.

In our earlier opinion in this matter, we directed that a hearing be held on the preliminary objections filed by some of defendants raising the queston of plaintiff's failure to join an indispensable party. The objection was that the Commonwealth had executed an oil and gas lease to one R. J. Hopkins for a tract of land in Benezette Township, Elk County, and that the meager description which was contained in the lease might or might not include the land on which the oil and gas well in question was drilled, and that if the lease did cover said land, and if any trespass occurred by the drilling of the well and the taking of gas therefrom, the damages might, in part, belong to Hopkins. These defendants, therefore, averred that Hopkins was an indispensable party, and since he was not joined they demanded that judgment be entered in their favor against the Commonwealth.

The hearing and the subsequent analysis of the testimony and the later examination of additional briefs fail to convince us that the land leased to Hopkins does not overlap the right of way on which gas

was produced by defendants, and that Hopkins has no interest in this case. We believe that Hopkins does have such an interest herein that he must be joined, but, of course, we do not at this time say what if any pecuniary interest he might have in any recovery by plaintiff against any of defendants.

Pa. R. C. P. No. 2227 provides:

"(a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants.

"(b) If a person who must be joined as a plaintiff refuses to join, he shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder."

The rule fails to state when the substantive law permits such involuntary joinder and the Procedural Rules Committee in its note to this rule says only that "Under present rules of substantive law, proper cases for such joinder *apparently* exist when" the action is in rem; the unwilling person can be regarded as estopped by his conduct from objecting to the prosecution of the suit without his consent; the willing plaintiff and the unwilling person are joint tenants, or tenants by the entireties, and the action is brought to preserve or recover the jointly owned property or damages for injury to such property; or the action is equitable in nature and no recovery of money damages is sought. (Italics supplied)

The case with which we are here involved is obviously not an action in rem, nor one in which Hopkins can be said to be estopped by his conduct from objecting to the prosecution of the suit without his consent; nor is it an action equitable in nature for which no money damages are sought.

We believe, however, that if it is necessary to bring the action within one of the four categories mentioned,

then this should be considered a case in which the Commonwealth and Hopkins are joint tenants and the action is brought to preserve or recover the jointly owned property, or for damages for injury to such property .

In Fineman v. Cutler, 273 Pa. 189, 193 (1922), Mr. Chief Justice Moschzisker, in quoting from Hartley v. Langkamp, 243 Pa. 550, 555-56, said:

" 'One must be joined who otherwise, not being bound by the decree, might assert a demand . . . which would be inequitable after the [principal defendants'] performance of a decree in favor of the plaintiff'; and, again, 'A party is indispensable when he has such an interest that a final decree cannot be made without affecting it or leaving the controversy in such a condition that the final determination may be wholly inconsistent with equity and good conscience'; finally, 'It is a settled rule of equity jurisprudence that, as the absence of an indispensable party goes to the jurisdiction of the court, an objection to the proceeding on that ground may be raised at any time, during the hearing or on an appeal from the decree of the trial court,—the court may, of its own motion, for the like reason, raise and pass on the objection, and, if the ground of want of jurisdiction be not removed by bringing the proper parties on the record as parties to the proceedings, the chancellor may dismiss the bill': see also Maguire v. Heraty, 163 Pa. 381, 387; Heck v. Collins, 231 Pa. 357, 362; and Dobkin v. Landsberg, supra [273 Pa. 174], with authorities there cited."

To the same effect, see Powell v. Shepard, 381 Pa. 405 (1955).

In the earlier opinion, we pointed out that in 58 C. J. S., Mines and Minerals, §204(b), at page 495, it is stated:

"The general rules governing parties in other civil actions involving contracts ordinarily prevail in actions involving the rights of the parties under an oil and gas lease. Persons who have or claim a direct interest in the object and subject matter of the suit and whose interests will necessarily be affected by any judgment that may be rendered therein are not only proper parties, but are necessary parties."

And, in 39 Am. Jur., Parties, §29, at pages 891-92, it is said:

"It is the general requirement not only of the common law but of the modern practice statutes and rules of practice as well that a personal action must be joined in by all persons, as plaintiffs, who have a joint interest or are entitled jointly or in common to the right sued upon. This is true whether the action is one ex contractu or one ex delicto, and it is immaterial, when several persons are shown to be jointly interested, in what proportions they may be concerned, or whether they have suffered injury or damages to the same extent."

And, at page 896:

"At common law and as a general rule under the modern codes and practice provisions, persons jointly affected by a tort must join as parties plaintiff in an action to recover for the injury sustained thereby."

To the same effect see 2 Standard Pennsylvania Practice, Parties, §51, page 355.

We should add that in Goodrich-Amram, §2227(A)-2, it is pointed out that "in personal actions such as trespass for damage to land held in common or for nuisance or assumpsit to recover the proceeds of converted timber, tenants in common must join as co-plaintiffs."

Pa. R. C. P. 2227 with which we are here concerned, was derived from the Federal Rule of Civil Procedure 19(A), and, consequently, we believe that

cases and text writers interpreting that rule are persuasive in our determination here.

In 3 Moore Fed. Pract. §19.05, the learned author points out that:

"A rule could not hope to state minutely who are necessary and who are indispensable parties in the myriads of cases that come before the courts. The phrase 'joint interest' is not to be given a technical meaning. Such a narrow meaning given to compulsory joinder would lead to a multiplicity of suits and undue vexation of defendants in cases where several persons were interested, but their interests were not technically joint."

And, at §19.12, he further points out:

"Where the result of the suit is dependent upon the validity of the right or title of an absent person, . . . the absent party is indispensable."

Compare also Guth v. Texas Co., 155 F. 2d 563 (7th Cir., 1946), where the court held that all lessors of a parcel of land were cotenants and were required to join in an action for negligence for waste against the oil producer-lessee. And Keegan v. Humble Oil & Refining Co., 155 F. 2d 971 (5th Cir., 1946), in which the court held that where plaintiff, an owner of an undivided interest in a parcel of land, brought an action against a trespasser praying for a judgment vesting in plaintiff the interest which he claimed, and where defendant averred that the suit would require an adjudication of a boundary line and that the adjacent landowner was an indispensable party, the adjacent landowner must be brought in.

We conclude that under all the circumstances of this case, R. J. Hopkins is an indispensable party to the suit and that this is a proper case for him to be joined as an involuntary plaintiff, and we therefore enter the following

*Order*

And now, to wit, June 30, 1961, the preliminary objections are sustained, and it is hereby ordered and decreed that plaintiff, the Commonwealth of Pennsylvania, within 30 days hereof, join R. J. Hopkins, of Titusville, as an involuntary plaintiff in this action and upon failing to so join the said R. J. Hopkins, the action shall be dismissed without prejudice in any other action or proceeding.