**Leininger v. Leininger**

*John F. Pyfer Jr.,* for plaintiff.
*David E. Wagenseller III,* for defendant.

KENDERDINE, *J.,* October 16, 1992—Cathy and Michael Leininger were married in 1975. During their marriage and prior to their separation in 1991, the parties owned and operated a business under the registered fictitious name "Ko-Ka-Le-Ko Egg Farm." Defendant's parents, Vernon and Allegra Leininger, operate a poultry feed business.

On September 3, 1991, the parents filed a suit against Michael and Cathy Leininger in the Lancaster County

Court of Common Pleas (docketed at no. 2353 of 1991). This suit alleges that the parents made several deliveries of poultry feed to Ko-Ka-Le-Ko Egg Farm for which they were never paid. The parents seek a judgment of $466,881.01, the alleged value of the merchandise. This divorce action was filed on September 25, 1991.

In the instant action, defendant filed a petition for special relief on October 5, 1992. On October 7, plaintiff filed a counterpetition and motion for special relief. In her counterpetition, plaintiff sought to join defendant's parents to this action, anticipating that a determination of liability in the parents' lawsuit would constitute a marital debt. Counsel for the parents appeared before this court at the special relief hearing on October 9 to oppose the joinder of parties.

Other matters raised in the petition and counterpetition have been addressed in a separate order. Plaintiff's motion for joinder of parties is denied for the reasons detailed below.[*]

The situation presented is not the scenario which typically may prompt joinder of third parties in a divorce action. Generally, when a party to a divorce case seeks to join additional parties, the additional parties have an interest in or control over property which the divorce litigant wants included in the marital estate for distribution. In the present matter, a divorce litigant seeks to join additional parties who have no control over the disputed property. Moreover, the third parties oppose involvement in this proceeding, even though the ultimate distribution of property may affect the parents' ability to recover damages in their separate action.

---

[*] Plaintiff's counterpetition also requested this court to stay the proceedings initiated by the parents. As joinder of the parents as parties in this case is denied, there is no basis to interfere with separate litigation pending before the court.

Jurisdiction to determine "[a]ny matters pertaining to ... marriage and divorce ... authorized by law," including the disposition of property rights and interests of spouses and third parties, is conferred upon this court by the Divorce Code. 23 Pa.C.S. §3104. This court is expressly granted the discretion to join additional parties in a divorce action by Rule 1920.34 of the Pennsylvania Rules of Civil Procedure. The accompanying note of the Civil Procedure Rules Committee advises that "[t]he joinder of persons other than husband and wife *may* be essential in claims ... where persons other than the parties have an interest in property which is the subject matter of a distribution." (emphasis added)

However, Rule 1920.34 allows the court to deny joinder and proceed with an action if the party sought to be joined is not indispensable to the case. "A party is indispensable when he has such an interest [in property] that a final decree cannot be made without affecting it, or leaving the controversy in such a condition that the final determination may be wholly inconsistent with equity and good conscience." *Van Buskirk v. Van Buskirk,* 527 Pa. 218, 223, 590 A.2d 4, 7 (1991); citing *Hartley v. Langkamp and Elder,* 243 Pa. 550, 555, 90 A. 402, 403 (1914).

It is clear from the evidence presented that the parents are not indispensable parties to this divorce action. They do not have interest in or control over property which is subject to equitable distribution in the divorce action. Furthermore, plaintiff presented no argument or evidence that the parents advanced funds or property to acquire a property interest in the assets of Ko-Ka-Le-Ko Egg Farm. Thus, the parents have no interest in the marital assets. Assuming the allegations made in the parents' separate lawsuit are true, the parents stand in a relationship of unsecured creditor to Cathy and Michael Leininger.

230

The debt owed to the parents is not owed by a partnership or corporation. It is a personal obligation for which both Cathy and Michael may be found liable. Thus, because Cathy and Michael would remain liable after the distribution of the marital estate, the parents' cause of action will not be affected by the underlying divorce. See *Held v. Held,* 36 D.&C.3d 448 (1985).

ORDER

And now, October 16, 1992, for the above reasons, the plaintiff's motion to join additional parties to this action is hereby denied.