J.S07045/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEBRA A. LANG, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD N. SHAFFER, SHERYL K. SHAFFER, | : | |
| THOMAS C. SHAFFER AND CAROL E. | : | |
| SHAFFER, | : | |
| | : | |
| Appellants | : | No. 1435 MDA 2013 |

Appeal from the Judgment entered August 7, 2013
In the Court of Common Pleas of Centre County
Civil Division No(s).: 09-4259

BEFORE: MUNDY, WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM PER CURIAM:                    **FILED OCTOBER 16, 2014**

Appellants, Todd N. Shaffer, Sheryl Shaffer, Thomas C. Shaffer, and Carol E. Schaffer, appeal from the judgment in favor of Appellee, Debra Lang, entered in the Centre County Court of Common Pleas. Appellants claim the trial court, following a nonjury trial, erred in finding that Appellee established her claim of adverse possession over a disputed tract of land. For the reasons that follow, we conclude that Appellee did not properly invoke the trial court's jurisdiction over her purported quiet title action. We

---

[*] Former Justice specially assigned to the Superior Court.

thus vacate the judgment and remand for further proceedings consistent with this memorandum.

The dispute between Appellants and Appellee arose over a 7,400 square-foot tract along the western bank of Pine Creek ("the disputed tract"). The disputed tract was included in the description of a 14.8-acre parcel in the following chain of title: (1) a 1976 deed based on a survey performed by Marlin "Red" Wolfe, (2) a May 19, 1987 deed conveying the parcel to Appellants' predecessor, David R. Stinebring, and (3) the April 9, 2009 deed under which Appellants acquired the parcel. As described in their deed, most of Appellants' 14.8-acre parcel was on the eastern side of Pine Creek, with only the disputed tract on the western side of Pine Creek.

Appellee, by virtue of a March 20, 1981 deed, initially acquired an interest in a parcel known as "tract 3" near the western bank of Pine Creek. As described in the 1981 deed and Appellee's successive deeds, her "tract 3" did not include the disputed tract.

On September 15, 2009, five months after Appellants acquired the 14.8-acre parcel, Appellee filed a complaint to quiet title in the disputed tract. Appellee's Compl., 9/15/09, at 3. Appellee alleged she acquired title to the disputed tract "by reason of adverse possession," and Appellants "attempted to exclude [her] from the [disputed tract.]" *Id.*

The matter ultimately proceeded to a nonjury trial on December 12, 2012. Appellee presented evidence regarding her use of the disputed tract

for the twenty-one year prescriptive period. Appellants, in turn, presented evidence that their immediate predecessor, Stinebring, claimed ownership over the disputed tract, but permitted Appellee, as well as the general public, to use the disputed tract. According to Appellants, Appellee's claim of adverse possession was defeated by Stinebring's express grant of permission to use the disputed tract.

At the close of Appellants' case-in-chief, Appellee proffered rebuttal evidence, namely, expert testimony that the 1976 survey conducted by Wolfe erroneously extended Appellant's 14.8-acre parcel across Pine Creek to the disputed tract. Appellee thus asserted that Stinebring did not acquire legal title to the disputed tract and could not have granted permission to use the tract. Appellants objected to Appellee's proposed rebuttal evidence, arguing that it introduced theories not set forth in Appellee's complaint. The trial court took the objection under advisement and permitted Appellee to present her rebuttal evidence

Subsequently, when issuing its verdict on May 6, 2013, the trial court overruled Appellants' objection to Appellee's rebuttal evidence. The trial court found in favor of Appellee, concluding: (1) Appellants did not have a claim of right to the disputed tract; and (2) Appellee established adverse possession of the disputed tract as against Appellants but not "as to 'the world.'" Trial Ct. Op. & Verdict, 5/6/13, at 5. Appellants timely filed post-trial motions, which the trial court denied. This appeal followed.

Appellants present three questions on appeal asserting that the trial court erred in entering a verdict in favor of Appellee.[1] Before considering Appellants' questions on appeal, we must consider whether the trial court had jurisdiction to render its decision in this matter. **See Fried v. Fried**, 501 A.2d 211, 212 (Pa. 1985) (noting questions relating to jurisdiction are not waived by failure of parties to raise them and may properly be raised by a court *sua sponte*); **Huston v. Campanini**, 346 A.2d 258, 259 (Pa. 1975) (noting absence of indispensable party goes to court's jurisdiction and issue may be raised *sua sponte*).

---

[1] Appellants present the following questions:

> Did the Trial Court err as a matter of law when it held that the Appellants' predecessor in title, despite having a deed that described the disputed property within the boundaries of its legal description, did not have sufficient title to give permission to the Appellee to occupy the tract of land?

> Did the Trial Court err when it found that the Appellee had established adverse possession of the disputed tract in the face of clear, uncontroverted testimony of the Appellants' predecessor in title that he had given permission to the Appellee's husband to cross onto and use the land in dispute?

> Did the Trial Court err when it found that the Appellants' predecessor in title posted the disputed property and erected barriers to it?

Appellants' Brief at 4.

Pennsylvania Rule of Civil Procedure 1061 provides that a quiet title action may be brought:

> (1) to compel an adverse party to commence an action of ejectment; [or]
>
> (2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land[.]

Pa.R.C.P. 1061(b)(1)-(2). Rule 1061 unifies into a "single procedure all of the diverse procedures by which clouds on title were formerly tried[,]" but "neither creates a new action nor changes the substantive rights of the parties or jurisdiction of the courts." *Siskos v. Britz*, 790 A.2d 1000, 1006-07 (Pa. 2002) (citations omitted).

The Pennsylvania Supreme Court, in *Siskos*, distinguished an ejectment action from quiet title actions under Rule 1061(b)(1) and (2), as follows:

> Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession. Pursuant to Rule 1061(b)(1), "[a] possessor of land is entitled to bring an action against one who, although not in possession, has some claim or interest in the land, compelling that person to assert his or her interest by bringing an action of ejectment, or be forever barred from attacking the title of the possessor." A party will file a Rule 1061(b)(2) Action to Quiet Title when she is not in possession, does not have the right to possess the land, and wishes to determine all rights in the land. **"The purpose of an ejectment action as opposed to quiet title is not to determine the relative and respective rights of all potential title holders, but rather the immediate rights between**

> **plaintiff and defendant involved in that particular litigation**."

*Id.* at 1006 (citations omitted). The **Siskos** Court reiterated the precept that "a determination of possession is a jurisdictional prerequisite to a ruling on the merits" under either Rule 1061(b)(1) or (b)(2). *Id.* at 1008.

Instantly, Appellee filed a complaint captioned as a "Quiet Title Action." Appellee's Compl. She averred she began "clearing and maintaining" the disputed tract in the summer of 1981 and used the tract "for the construction of a fire ring, cookouts and camping on a regular basis." *Id.* at 3. She concluded she "continuously, openly, notoriously and adversely occupied the area" for more than twenty-one years. *Id.* She asserted Appellants, after acquiring the 14.8-acre parcel on the opposite side of Pine Creek, "attempted to exclude [her] from" the disputed tract. *Id.* Consistent with its caption, Appellee's complaint requested the trial court enter an order "quieting title in and to the [disputed tract] in [her favor] and forever barring [Appellants] from contesting [her] title and selling any interests in the property to a third party." *Id.* Appellee's complaint did not reference Rule 1061.

Appellants, in their answer and new matter, asserted they owned the land as stated in their deed. They alleged they asked Appellee to "respect [their] property line" and Appellee "agreed to respect it" in their oral conversations. Appellants' Answer & New Matter, 10/12/09, at 3. No

concession or determination of "possession" of the disputed tract was made before or at trial.

In light of **Siskos**, we are constrained to conclude that the trial court did not have jurisdiction to enter an order quieting title in favor of Appellee. If Appellee, as she alleged, were in possession of the disputed tract, the appropriate form of action was to compel Appellant to commence an action in ejectment. **See** Pa.R.C.P. 1061(b)(1). If, however, Appellee was not in possession, but asserted an immediate right to possess the disputed tract as against Appellants, a cause of action in ejectment was available. **See Siskos**, 790 A.2d at 1006. Lastly, if Appellee alleged and established she was not in possession and lacked an immediate right to possession, Rule 1061(b)(2) would govern her action because neither party had recourse to an ejectment action. **See id.; see also Grossman v. Hill**, 122 A.2d 69, 71 (Pa. 1956) (noting plaintiffs' quiet title action was proper because they were equitable owners of disputed property who did not have present right of possession). Despite the lengthy proceedings in the trial court, the jurisdictional question of possession was not presented to the court by the parties nor determined by the court. As such, we cannot conclude that the trial court properly entered an order quieting title in favor of Appellee.[2] **See Siskos**, 790 A.2d at 1006.

---

[2] We note we have *sua sponte* amended the parties' pleadings where possession was not determined and the trial court improperly proceeded in a

Furthermore, even if we were to assume that the parties and the trial court properly proceeded in a quiet title action under Rule 1061(b)(2), a further jurisdictional problem would arise. As noted above, Appellee presented evidence Appellants did not have legal title to the disputed tract based on a defect in their chain of title, and that her deed did not include the disputed tract. However, Appellee failed to identify the true owner of the tract before the allegedly inaccurate 1976 Wolfe survey.

"[A] party is indispensable 'when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights." *City of Philadelphia v. Commonwealth*, 838 A.2d 566, 581 (Pa. 2003) (citation omitted). The Pennsylvania Supreme Court has articulated the following considerations a court must weigh in determining if a party is indispensable in an underlying action:

> 1. Do absent parties have a right or an interest related to the claim?
>
> 2. If so, what is the nature of that right or interest?
>
> 3. Is that right or interest essential to the merits of the issues?

---

quiet title action. *See Moore v. Duran*, 687 A.2d 822, 827 (Pa. Super. 1996); *Sutton v. Miller*, 592 A.2d 83, 88-89 (Pa. Super. 1991). However, we did so where there was no prejudice to the parties' rights. *See Sutton*, 592 A.2d at 89. Instantly the failure to determine which party possessed the disputed tract and whether either party could maintain an action in ejectment is not a mere technicality, as it affected the parties' rights to a jury and their burdens of proof in the underlying matter. *See Siskos*, 790 A.2d at 1006, 1009.

4. Can justice be afforded without violating the due process rights of absent parties?

*Mechanicsburg Area Sch. Dist. v. Kline*, 421 A.2d 953, 956 (Pa. 1981). "In determining whether a party is indispensable, the basic inquiry remains 'whether justice can be done in the absence of a third party.'" *Pa. State Educ. Ass'n v. Dept. of Cmty. & Econ. Dev.*, 50 A.3d 1263, 1277 (Pa. 2012).

This Court has observed:

> A party was said to be indispensable in *Hartley v. Langkamp & Elder*, 243 Pa. 550, 90 A. 402 (1914) "when he has such an interest that a final decree cannot be made without affecting it, or leaving the controversy in such a condition that the final determination may be wholly inconsistent with equity and good conscience. . . . **Thus were the object of a bill is to divest a title to property, the presence of those holding or claiming such title is indispensable**." *Id.* at 555-556, 90 A. at 403-404.

*Miller v. Benjamin Coal Co.*, 625 A.2d 66, 67-68 (Pa. Super. 1993) (emphasis added).

Instantly, Appellee conceded her deed did not include the disputed tract, but disputed the accuracy of the 1976 survey on which Appellants' deed was based. Thus, because a quiet title action generally seeks to determine the "relative and respective rights of **all** potential land holders," *see Siskos*, 790 A.2d at 1006, Appellee would have been obligated to join the true owner of the disputed tract, whose interests were necessarily

affected and whose presence at trial was indispensable. **See Miller**, 625 A.2d at 67-68.

The trial court appears to have recognized the practical and jurisdictional problems raised by the relief requested by Appellee. Although the court attempted to tailor its order by finding that Appellee established adverse possession as against Appellants only, it essentially granted relief in the form of ejectment. As noted previously, however, neither the parties nor the court considered the threshold question of possession under Pa.R.C.P. 1061.

We thus conclude that the trial court did not have jurisdiction to enter judgment in this case. Accordingly, we vacate the judgment in favor of Appellee and remand this matter to the trial court for a determination of possession for the purposes of Pa.R.C.P. 1061. The parties may thereafter proceed in a jurisdictionally viable manner without prejudice to Appellee's ability to amend her complaint.[3] **See Siskos**, 790 A.2d at 1006, 1009.

Judgment vacated. Case remanded. Jurisdiction relinquished.

---

[3] If Appellee is in possession of the disputed tract, then the trial court may enter an order under Pa.R.C.P. 1061(b)(1) compelling Appellants to commence an ejectment action. **See Siskos**, 790 A.2d at 1009. If the court finds that Appellee was not in possession of the disputed tract, she will have the opportunity to amend her complaint to commence an ejectment action or allege that a Pa.R.C.P. 1061(b)(2) action is proper and include any indispensable party. **See id.**

J. S07045/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2014