IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA, 1883.

## Rittispaugh *versus* Lewis et al.

1. Certain land was conveyed by A. to B., and while it was in the latter's name, several judgments were entered against him. Subsequently a bill in equity was filed by C.—B.'s wife—against A. and B., in which B.'s judgment creditors were not joined, setting forth a prior contract by A. to convey to C., alleging that the deed to B. was fraudulent, and praying that it be cancelled and the property conveyed to C., which under a decree of the court was done. C. after mortgaging the property, conveyed it to D., and it was subsequently sold under said mortgage, and a feigned issue was awarded to determine whether the fund produced should go to C.'s mortgage creditors and grantee, or to B.'s judgment creditors. The plaintiffs, claimants under C., having shown their claim through her, the defendants offered in evidence the cancelled deed to B., which was rejected on the ground that it had been destroyed as a deed by the cancellation. *Held*, to be error, because the defendants, not having been joined in the equity proceedings, were entitled to their day in court upon the feigned issue.

2. Certain other offers of evidence made by the defendants, tending to show that the plaintiffs, before advancing money on the strength of C.'s title, knew of the conveyance to B., were rejected by the court, and the jury directed to find for the plaintiffs. *Held* to be error also, and that the defendants in the feigned issue should have been allowed to prove, by way of defence, whatever facts would have been relevant in the equity proceeding, had they been parties thereto.

March 13th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas of *Wyoming county :* Of January Term 1883, No. 278.

7 OUTERBRIDGE.—1

[Rittispaugh *v.* Lewis.]

This was a feigned issue, directed by the court to determine whether M. W. Dewitt and George Henning, mortgage creditors of Harriet E. Vorscheimer, and B. W. Lewis, her grantee, or Wm. M. Platt, Charles Rittispangh, The Wyoming National Bank and George Henning, who were judgment creditors of Emil Vorscheimer, Harriet E. Vorscheimer's husband, were entitled to the proceeds of certain real estate, sold by the sheriff, under a mortgage thereon, given in 1878 by Harriet E. Vorscheimer to George Henning.

The plaintiffs in the issue were Dewitt, Henning and Lewis.

The facts, which are more fully set out in the opinion of this court, were briefly as follows.   The plaintiffs alleged that in 1859 or 1860, Dewitt, in whom the title to the land in question was then conceded to be, contracted to sell the same to Mrs. Vorscheimer, but that in 1872 Emil Vorscheimer induced Dewitt to destroy this agreement, and deed the land to him, and while the title was thus in him, between the years 1872 and 1878, the defendants obtained their judgments against him, which were duly revived.   That when Mrs. Vorscheimer discovered the conveyance of 1872, she brought a bill in equity against Dewitt and her husband, in which bill the defendants were not joined and after a reference to a Master, procured a decree that the deed be cancelled and declared void as to her, and that Dewitt be required to convey to her.   Whereupon, July 27th 1878, Dewitt made a deed to her, in pursuance of the original agreement, and she in turn made a purchase money mortgage to Dewitt, and on November 28th 1878, a mortgage to Henning.   In January 1880, she sold and conveyed the property to Lewis.

Henning subsequently issued a sci. fa. on his mortgage, and the fund in controversy was realized by the sheriff's sale in pursuance of this proceeding.

In order to rebut the prima facie case thus shown by plaintiffs, the defendants offered in evidence the deed of September 19th 1872, from Dewitt to Emil Vorscheimer, together with evidence that Henning, Lewis and Mrs. Vorscheimer all had notice of this deed before the deed of 1878 to Mrs. Vorscheimer, and before she executed the mortgages on the premises. This was objected to, inter alia, on the ground that by virtue of the decree ordering the cancellation of the deed, it had ceased to exist as such, and the objection was sustained.   The defendants then offered the answer of Dewitt in the equity proceeding, proof of a contract in 1862 by Dewitt with Emil Vorscheimer, upon which several hundred dollars were paid, and in pursuance of which the deed of 1872 was made to Vorscheimer, and a judgment given by him to Dewitt for the balance of the purchase money ; evidence of a declaration by Vor-

[Rittispaugh *v.* Lewis.]

scheimer, in the presence of his wife, that he owned the land; evidence of a conversation with Henning in regard to Vorscheimer's ownership; proof that the defendants lent their money, relying on the declarations of the plaintiffs themselves, in regard to the title to the property, and that Lewis bought with full knowledge of the deed of 1872.

Upon objection, these offers of evidence were all rejected by the court, to which rulings, exceptions were taken, and they were assigned for error in the first seven specifications.

The court instructed the jury, inter alia, as follows:

"There is no evidence in this case that Emil Vorscheimer had any title to this land. The evidence there is in the case is that Emil Vorscheimer got money of Mr. Rittispaugh (perhaps by alleging to him falsely that he owned the land), and that judgments were entered against him. But there being no evidence whatever in the case that Emil Vorscheimer had any title to this land, and the whole evidence showing that his wife owned it, of course the mortgage creditors of the wife are entitled to the money that is derived from the sale. So that there is no question as to what should be the result of this issue. You will find a verdict in favor of the plaintiffs in the issue."

Verdict for the plaintiffs and judgment thereon, whereupon the defendant, Charles Rittispaugh, took this writ of error, assigning for error, the rejection of the evidence offered, and that part of the charge of the court above quoted.

*J. Vaughan Darling*, for plaintiff in error.—The fraudulent equity proceeding, the division of the proceeds among the participants in the fraud, and the ruling of the court must be based on the following proposition, to wit: That valid judgment liens against A. may be divested by a decree of a court in equity, in a suit by A.'s wife against A., in which the judgment creditors are not parties. Such a proposition cannot be sustained. "No decree bindeth any that cometh in bona fide by conveyance from the defendant before the bill is exhibited, and is made no party whether by bill or order:" Works of Lord Bacon, vol. 4, p. 511; Diamond *v.* Lawrence Co., 1 Wr. 353. A judgment inter partes cannot estop persons not directly parties or privies: 2 Whart. Ev. § 760; In Re The Mary, 9 Cranch 126.

It is in just this class of cases that "innocent third parties without notice, may acquire rights and interests of which they cannot be deprived:" Bispham's Equity, p. 258; Kerr on Fraud, p. 336; Oakes *v.* Turquand, L. R. 2 App. Cas. 325; Foster *v.* Barnes, 31 P. F. S. 377; Pitts. Cin. & St. L. R. R. *v.* Marshall, 4 Nor. 187. In the feigned issue, the plaintiff in error should have been allowed to show every thing that he

could have shown in the equity suit, had he been made a party to it. It was clearly error to refuse the offers of evidence, noted in the assignments: Powell's Appeal, 2 Out. 403; Kerr on Fraud 293; Webster *v.* Reid, 11 How. 437; Mitchell *v.* Kintzer, 5 Barr 216.

*W. E. & C. A. Little* and *Charles E. Terry*, for defendants in error.—The defendants below failed to show notice to Lewis, the alienee of Mrs. Vorscheimer, of any title in Emil Vorscheimer. This was absolutely essential: Keichline *v.* Keichline, 4 P. F. S. 75; Lyons *v.* Taylor, 4 W. N. C. 349.

In pursuance of its decree the court cancelled the alleged deed to Vorscheimer. The court passed judgment upon the status of the paper. Its decision upon the status of this paper is conclusive not only upon the parties, but upon the whole world: Herman on Estoppels, 110; 2 Smith's Leading Cases, 832–7; Thompson *v.* O'Hanlen, 6 Watts 492; Rice *v.* Rice 5 Luz. L. R. 207; 1 Story's Eq. § 699; Wilson *v.* Getty, 7 P. F. S. 266. The deed having been cancelled it could not be used in evidence.

Mr Justice STERRETT delivered the opinion of the court, May 7th 1883.

This feigned issue was directed by the court, for the purpose of determining whether certain mortgage creditors of Mrs. Vorscheimer, or the judgment creditors of her husband, are entitled to the proceeds of real estate sold by the sheriff on a mortgage given in 1878 by her and her husband to George Henning. The plaintiffs in the issue were M. W. Dewitt and George Henning, mortgagees, and B. W. Lewis, terre-tenant of the land thus sold; and the defendants therein were the present plaintiff in error and other judgment creditors of Emil Vorscheimer, whose judgments antedated the mortgages.

It was contended by the plaintiffs below that by the deed of Dewitt and wife, executed in July 1878, the title to the land sold by the sheriff became vested in Mrs. Vorscheimer, and hence her mortgagees should be first paid out of the proceeds, and the residue should be awarded to Lewis, her subsequent vendee. On the other hand, the contention of the plaintiff in error and other defendants below was that, at the date of their respective judgments against Emil Vorscheimer, he, and not his wife, was the owner of the land in question, and consequently their liens took precedence of the mortgages subsequently executed by Vorscheimer and wife to Dewitt and Henning, and should be first paid out of the fund, in the order of their respective dates.

For the purpose of maintaining the issue on their part, the

plaintiffs, after showing title in Dewitt in 1860, gave in evidence his deed of July 27th 1878, to Mrs. Vorscheimer, the mortgages of July 27th and November 19th 1878, to Dewitt and Henning respectively, the deed of January 1880 to Lewis, the record of the scire facias on the Henning mortgage, judgment thereon, execution and sale by the sheriff, from which the fund for distribution was realized. To rebut the prima facie case thus presented, the defendants below made the several offers of evidence, contained in the first seven specifications of error, for the purpose of proving, inter alia, that the land in question was conveyed in September 1872 by Dewitt and wife to Emil Vorscheimer, their judgment debtor, and that the consideration of one of the judgments held by plaintiff in error was purchase money, and the other was money loaned on the faith of the title thus acquired and held by Emil Vorscheimer. The judgment last referred to was entered in 1873, and the lien thereof was regularly continued by scire facias and judgment thereon in 1878. It is conceded that in 1872, prior to the entry of the original judgment, the property in question was conveyed by Dewitt to Emil Vorscheimer; but in 1878 a bill in equity was filed by Mrs. Vorscheimer against her husband and his vendor, Dewitt, alleging that the equitable title to the land was in her, and praying, inter alia, that the deed to her husband be cancelled and declared void as to her, and that Dewitt be required to convey or cause to be conveyed to her the whole or such portion of the premises as might be adjudged to belong to her. Notwithstanding the rights of the plaintiff in error and other judgment creditors might be affected by the decree prayed for, they were not made parties to the proceeding. Perhaps, if they had been, the defence might have been more vigorous and the result somewhat different. In his answer, Emil Vorscheimer substantially admitted all the material allegations of the bill, and, in the most accommodating spirit, assented to any decree the court might see fit to make. The case was so proceeded in that a decree was made, declaring the deed of 1872 from Dewitt to Emil Vorscheimer void, and directing its cancellation, and ordering Dewitt to execute and deliver to Mrs. Vorscheimer a deed, in fee simple, for the premises in dispute. When the defendants below offered the deed of 1872, to Emil Vorscheimer, to be followed by other evidence, for the purpose of showing title, in their debtor, which was bound by the lien of their judgments, and that the subsequent mortgagees and vendee took their securities and conveyance, respectively, with knowledge of that title and the liens thereon, they were met by the objection that the deed had been so completely annihilated by the decree that it cannot now be regarded as ever having existed; that the decree is absolutely

[Rittispaugh *v.* Lewis.]

conclusive of the question of title and cannot be inquired into collaterally. These objections would be unanswerable if defendants below had been parties to the equity proceeding ; but they were not. As to the questions involved in that proceeding, so far as their personal rights might be affected thereby, they never had a day in court until they were called upon to defend in the feigned issue ; and, hence it follows they were not concluded by the decree. They had a right to prove, by way of defence in the feigned issue, such facts and circumstances as would have been relevant in the equity case, if they had been made parties thereto. As was said by Mr. Justice Thompson, in Morrison *v.* Mullin, 10 Casey 12 : " It contravenes the first principles of justice to hold a man bound by a judgment, against which he has neither an opportunity to defend, nor notice in any way that he was to be involved in its consequences." The same principle is recognized in Taylor *v.* Cornelius, 10 P. F. Smith 187 ; Mackey *v.* Coates, 20 P. F. Smith 350, and other cases. The general rule that judgments conclude only parties and privies is illustrated in the case of terre-tenants not made parties to a sci. fa. sur mortgage. They have a right to take the same defence in an after suit that they might have made if they had been warned by service of the scire facias : Mather *v.* Clark, 1 Watts 491 ; Schnepf's Appeal, 11 Wr. 37 ; Kramph *v.* Hatz, 2 P. F. Smith 525. But, it is said, the court would have received the testimony if defendants could have visited the plaintiffs in the issue with notice of the prior conveyance to Emil Vorscheimer and the circumstances connected with the judgments represented by plaintiff in error and others. As to the mortgagees, Dewitt and Henning, the testimony offered would have been quite sufficient to have carried that question to the jury ; and we think it was also sufficient as to Lewis, the terre-tenant. He served as master in the equity suit, and was therefore fully advised of the conveyance to Emil Vorscheimer several years before. The facts and circumstances, necessarily brought to his notice in that case, were sufficient to put him on inquiry, as to whether the property was conveyed or incumbered by Vorscheimer while the legal title was in him. The proper prosecution of that inquiry, before he took a conveyance from Mrs. Vorscheimer, would have led to a knowledge of the judgments in favor of plaintiff in error and, in all probability, the circumstances under which they were obtained. In that event, it would have been the duty of the court to submit the case to the jury.

    Judgment reversed and a venire facias de novo awarded.