# Craig v. Craig et al., Appellants.

*Equity—Parties—Title—Will—Presumption—Jurisdiction—Dismissal of bill without prejudice.*

1. Only a party in interest can invoke the equity powers of a court to procure the cancellation of a deed, and such interest must be averred and proved.

2. Where on a bill in equity for the cancellation of a deed executed by plaintiff's father, it appears that although the father died testate his will was not produced in evidence, and there is no proof to show how plaintiff had acquired any interest in the land covered by the deed, the bill will be dismissed. There is no presumption that the father died intestate as to the land in question, or that he devised it to plaintiff.

3. The fact that the bill purports to be filed by the plaintiff "for himself and in behalf of all other persons in interest," is immaterial, inasmuch as it is fatally defective for want of a necessary plaintiff.

4. In such a case the bill is also fatally defective for want of necessary defendants, where it appears that the deed from the father was made to two of his sons, who were plaintiff's brothers, and that the defendants named were the executors and heirs of one of the sons, and the widow of the other, but no proof of the will of the first is offered, and it is not shown whether the second died testate or intestate or who were his heirs or devisees.

5. The court in dismissing the bill in such a case for lack of necessary parties, will do so without prejudice to plaintiff's rights, or those of any other party, in any future action at law or in equity touching the deed in question, or the title of the land embraced therein.

Argued March 10, 1919. Appeal, No. 154, Jan. T., 1919, by defendants, from decree of C. P. Carbon Co., Jan. T., 1913, No. 1, in Equity, for plaintiff in equity in case of Robert Craig (David M. Craig, administrator, substituted), for the benefit of himself and for the benefit of all other persons interested, v. Thomas B. Craig, Hector Tyndale Craig, Emmo Craig, Charles S. Craig, P. Insley Craig, Allen D. Craig, Mary A. Craig, Henrietta I. Griffin and Thomas B. Craig, Charles S. Craig, Hector

Tyndale Craig, Executors of the last Will and Testament of John Craig, deceased, and Mrs. Sarah Martin, widow of Thomas Craig, Jr., deceased. Before BROWN, C. J., STEWART, FRAZER, WALLING and KEPHART, JJ. Reversed.

Bill in equity for the cancellation of a deed. Before BARBER, P. J.

The court entered a decree of cancellation.

The heirs and executors of John Craig, deceased, appealed.

*Error assigned* was the decree of the court.

*Ben Branch,* of *Freyman, Thomas & Branch,* for appellants.—The court had no jurisdiction for lack of necessary parties: Holton v. New Castle Ry. Co., 138 Pa. 111; Hartley v. Langkamp, 243 Pa. 550.

*George E. Gray,* with him *Dewalt & Heydt,* for appellees.

OPINION BY MR. JUSTICE WALLING, April 21, 1919:

This is a suit in equity for the cancellation of a deed. In 1858 Thomas Craig, Sr., late of Carbon County, died testate, leaving six children, including Robert, John and Thomas, Jr. In 1856 Thomas Craig, Sr., and wife made and executed a deed to their sons John and Thomas, Jr., for two tracts of land situated in East Penn Township, said county, containing about two hundred and fifty acres; this deed was recorded in 1911. John and Thomas, Jr., were appointed and qualified as executors of their father's will, and served as such as long as they lived, Thomas, Jr., having died prior to 1870 and John in 1908. There is nothing to indicate that either of them ever made any claim to this land under the deed and Robert brought this suit in 1913 to have it decreed null and void because never delivered. The heirs and executors

of John, who died testate, and the widow of Thomas, Jr., were made defendants herein. It does not appear whether Thomas, Jr., died testate or intestate, or who were his heirs or devisees, and no one shown to represent his interest was made party to this suit.

The case was heard upon bill, answer, replication and testimony from which the chancellor found, inter alia, that the deed was never delivered, but discovered among the papers of Thomas Craig, Sr., long after his death. This finding was approved by the court below and a final decree entered that said deed was void and of no effect, but adding, "That the aforesaid order and decree is made without prejudice to the heirs and devisees of Thomas Craig, Jr., other than his widow." Defendants brought this appeal and their first contention is that for want of necessary parties, both as plaintiffs and defendants, the court lacked jurisdiction to make the decree. This contention is well founded, for there is neither allegation nor proof that the plaintiff, Robert Craig, had any interest in the land embraced in the deed. His father's will was not in evidence and there is nothing to indicate what disposition he made of this land. As he left a will, there is no presumption that he died intestate as to the land in question or that he devised it to plaintiff. Only a party in interest can invoke the equity powers of a court to procure the cancellation of a deed, and such interest must be averred and proved. True, the plaintiff's bill purports to be filed, "for himself and in behalf of all other persons in interest"; but what his interest is, if anything, or who the other persons in interest are or, what authority he has to represent them, nowhere appears; so the bill is fatally defective for want of a necessary plaintiff. It is equally so for lack of necessary defendants; John Craig's heirs and executors are brought upon the record; but as his will was not offered in evidence, it does not appear that they have any interest in the land in question. There is no presumption that a testator's executors or his heirs at law are the devisees of any par-

ticular part of his real estate, or that he died intestate as to such part. So far as averred or proved neither plaintiff nor defendants have any interest in the land embraced in the deed in question, and for that reason the court was without jurisdiction to decree it null and void. This objection, although not raised by demurrer or answer, was made in the court below before final decree and should have prevailed. It is never too late to raise the question of jurisdiction in equity for want of necessary parties: Hartley v. Langkamp & Elder, 243 Pa. 550; Heck v. Collins, 231 Pa. 357. And as to necessary parties see 16 Cyc. 184; 20 R. C. L. pp. 667, 668; Pomeroy's Equity Jurisprudence (3d ed.), sec. 114; Lance's App., 112 Pa. 456. There must be a specific averment, in the bill itself, of the facts showing the plaintiff's interest in the subject-matter of the suit: Holtan v. New Castle Ry. Co., 138 Pa. 111.

Those representing the interest of Thomas Craig, Jr., should have been joined as defendants. Under the deed they are the ostensible owners of one-half of the land in question, and the rights of all parties should be determined in one suit, otherwise we might have the anomalous situation of a deed to joint vendees void as to one for lack of delivery while valid as to the other. However, the court below was not in error in saving the rights of absent parties (Supreme Court Equity Rules 21 and 26; Rittispaugh v. Lewis, 103 Pa. 1), and the decree would not be disturbed on that ground. As the disposition we feel constrained to make of this case, does not reach its merits, the order should be without prejudice.

The decree is reversed and plaintiff's bill is dismissed at his costs, for lack of necessary parties, without prejudice to his rights or those of any other party in any future action at law or in equity touching the deed in question or the title to the land embraced therein.