Hanna, Administrator et al., Appellants, *v.*
Chester Times et al.

Argued January 14, 1931. Before FRAZER, C. J.,
WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and
MAXEY, JJ.

*John E. McDonough,* with him *E. A. Howell,* for appellants, cited, as to nonjoinder of parties: Wadlinger v. Bank, 209 Pa. 197; Hewitt v. Democratic Pub. Co., 271 Pa. 546; Methodist Episcopal Church v. Equitable Surety Co., 269 Pa. 411.

*E. Wallace Chadwick,* of *Taylor, Chadwick & Weeks,* with him *Montgomery & McCracken,* for appellees, cited, on the nonjoinder of parties: Potter v. Hoppin, 10 Phila. 396; Fineman v. Cutler, 273 Pa. 189; Maguire v. Heraty, 163 Pa. 381; Heck v. Collins, 231 Pa. 357; Dobkin v. Landsberg, 273 Pa. 174.

OPINION BY MR. JUSTICE MAXEY, March 16, 1931:

This is an appeal from the decree of the Court of Common Pleas of Delaware County, sitting in equity, refusing a preliminary injunction prayed for, and, in response to objections, dismissing the bill filed.

The Chester Times, one of the defendants, is a Pennsylvania corporation, with a capital stock of 1,500 shares. Charles R. Long, the second named defendant, owns or controls 749 of the shares. His wife, Gertrude H. Long, owns or controls one share. For seven years prior to January, 1927, Frank C. Wallace owned or controlled 745 of the shares, and his wife, Anna E. Wallace, 5 of the shares. Wallace died January 5, 1927, and Mrs. Wallace died three days later. Upon their

deaths, their stock in the Chester Times descended, by virtue of the intestate laws of Pennsylvania, to her kin, as follows: William N. Erskine, L. Blanche Hanna, Addie Lappin and Mary E. Hawthorne, all of whom are named as plaintiffs in this bill. J. Borton Weeks, the last of the defendants named, is secretary of the Chester Times. After the death of Frank C. Wallace and his wife, there was a contest at the adjourned annual meeting of the Chester Times which the stockholders held on February 21, 1927, between stockholders Charles R. Long and Gertrude H. Long, on the one hand, and James Hanna, administrator c. t. a. of the estates of Frank C. Wallace and Anna E. Wallace, his wife, on the other, Hanna contending for the election as directors, of himself, and E. A. Howell to whom Hanna, as administrator c. t. a., had assigned one share of the capital stock of the Chester Times. The president of the Chester Times, Charles R. Long, ruled that Charles R. Long, Gertrude Long and James Hanna were elected and that E. A. Howell was not elected; and his decision being appealed from, the vote was a tie. The president then declared that his ruling had been sustained. A similar contest took place at the annual elections in 1928 and 1929, the president and secretary refusing, because certain legal requirements relative to stock transfers had not been complied with, to transfer on the books of the corporation an assignment by Hanna, as administrator c. t. a., to E. A. Howell of one share of the stock of the Chester Times.

On November 15, 1929, the plaintiffs entered into an agreement transferring all of the shares of the corporation, formerly belonging to Frank C. Wallace and Anna E. Wallace, to James Hanna and E. A. Howell, as voting trustees, with authority to vote the same. In accordance with this agreement, Hanna, as administrator c. t. a., assigned, set over and transferred all of the Wallace shares to the voting trustees, and, on December 26, 1929, he presented certificates therefor, to

the Chester Times, by its president, Charles R. Long, and the secretary, J. Borton Weeks, and requested that new certificates be issued to the voting trustees in accordance with the written request then filed. The Chester Times, acting by its president and secretary, refused this request, and set up as a justification of their refusal that the assignments of the stock certificates did not have affixed to them the federal and state transfer stamps required by law and were not accompanied by the auditor general's certificate required in such cases by section 36 of article IV of the Transfer Tax Law of June 20, 1919, P. L. 521. Plaintiffs complain that by reason of this refusal by the executive officers of the Chester Times, Hanna and Howell, voting trustees under the agreement, are unable to obtain qua trustees transfer and registration of the stock and to vote the same at stockholders' meetings. The plaintiffs filed a bill in equity, praying the Court of Common Pleas of Delaware County for, inter alia:

(a) An injunction restraining the defendants from conducting any meeting of the stockholders or of the board of directors of the Chester Times until further order of court;

(b) A required transfer of the stock of the plaintiffs to Hanna and Howell, as voting trustees;

(c) A receiver to conduct an election for directors and officers of the Chester Times, the receiver to be directed to recognize votes cast by the voting trustees.

The first objection to the bill is based upon the alleged want of necessary parties, the answer setting forth that James Hanna and E. A. Howell, voting trustees, appear on the face of the bill to have an interest in the controversy. There are other objections to the bill; but, in view of the fact that the first objection is sufficient, we will not consider the others. Twenty-one Corpus Juris, says, page 258: "It is a general rule of equity pleading that all persons who are materially interested in the event of the suit or in the subject-matter, however

numerous, should be made parties either as plaintiffs or as defendants." Twenty-one Corpus Juris, 260: "The reason for the rule is found in the principle of public policy enforced in courts of equity, that a decree should finally and completely determine the rights which all persons have in the subject-matter decided, so that the parties may safely obey and act upon the decree and all other proceedings may be avoided. To this end it is necessary to bring all the parties before the court, as otherwise their interests will not be concluded, for, as a general rule, no binding decree can be rendered against a person who is not a party to the suit." Twenty-one Corpus Juris, 261: "Where a person is interested in the matter of a bill as executor and also as devisee, he should be made a party in both capacities; and it is not sufficient to make him a party as executor and to call upon him to answer as such." Twenty-one Corpus Juris, 314: "When a person has different capacities, as individual, and representative or corporate, such person in his different capacities must be considered as if he were a separate and distinct person." Findley v. Warren, 244 Pa. 64, reaffirmed the general rule that where the rights of parties in interest are to be determined in an equity proceeding, they must be made parties to the bill, either as plaintiffs or defendants. Twenty-one Corpus Juris, 264: "In suits by persons claiming under a trust, express or implied, the trustee or other person in whom the legal estate is vested should be made a party to the proceeding," citing: O'Hara v. MacConnell, 93 U. S. 150; and Potter v. Hoppin, 10 Phila. 396. Twenty-one Corpus Juris, 273: "Persons whose interests will necessarily be affected by any decree that can be rendered are necessary and indispensable parties, and the court will not proceed to a decree without them." Geesey v. City of York, 254 Pa. 397, reaffirmed the long-established principle that in suits in equity all parties who would be adversely affected by a decree prayed for must be brought into court before the decree can be made.

The trust agreement of the 15th of November, 1929, executed by Hanna, administrator c. t. a., and the beneficial owners of the former Wallace shares of the Chester Times stock, provides, inter alia: "During the period this agreement shall be in force, the said trustees shall possess the legal title to such [750 Wallace] shares deposited and be entitled to exercise all rights of every kind and nature, including the right to vote in person or by proxy all such shares and the right to hold office in the company." It follows that James Hanna and E. A. Howell, as voting trustees by virtue of this trust agreement, have a vital interest in this controversy and are necessary parties to the bill. Equity Rule 48 provides that preliminary objections to a bill may be made on the ground, inter alia, that the bill is "defective for want of specifically named parties." Hearing was had as Rule 49 provides and this objection, with others, was sustained. In this there was no error.

The decree of the court below is affirmed, at appellants' cost.