Fitzgerald et al., Appellants, *v.* Kwaterski et al.

Argued May 3, 1934. Before

Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Thomas L. Kane,* for appellants.

*Alexander J. Bielski,* for appellees.

OPINION BY JAMES, J., October 3, 1934:

James F. Fitzgerald and Anna Fitzgerald, his wife, appellants, filed their bill in equity against Leonard Kwaterski and Anna Kwaterski, his wife, praying that property described be decreed subject to an easement of an alleyway and the owners ordered to execute a writing that had been agreed upon providing for said easement. A decree was entered dismissing the bill. Plaintiffs appealed.

The facts as found by the chancellor are as follows:

On April 14, 1930, plaintiffs by deed conveyed to Edward J. Dukovic and Barbara, his wife, Lot No. 29 and 18 inches of Lot No. 30 in the McCullough Plan, having erected thereon a brick dwelling and garage known as 4213 Bruce Street, Pittsburgh. At or about the time plaintiffs conveyed the above land, James Fitzgerald orally agreed with the Dukovics to grant them a right-of-way over the adjoining Lot No. 28, at which time Fitzgerald was not the owner of Lot No. 28, although plaintiffs became the owners on May 3, 1930. On or about January 20, 1931, James Fitzgerald and Leonard Kwaterski orally agreed upon terms and conditions upon which Fitzgerald would convey Lot No. 28 known as 4215 Bruce Street, to

Kwaterski, one of the terms providing for the existence of an alleyway on Lot No. 28 to be used in common by Kwaterski and by the Dukovic family. The only writing between the parties was a letter dated January 25, 1931, addressed to one Kerns, signed by Leonard Kwaterski and James Fitzgerald, which was a proposal to build a house for the sum of $10,500, and was treated by both men as an agreement by Fitzgerald to erect a house on Lot No. 28 and to convey the same to Kwaterski for $10,500. This proposal contained no reference to an alley or right-of-way. Some time prior to June 9, 1931, a three foot cement alleyway was constructed on Lot No. 28, immediately along the line of the Dukovic property, and on June 6, 1931, an attorney representing the Kwaterskis went upon the land, and in the presence of Mr. Kwaterski and Mr. Fitzgerald, measured the width and length of the existing cement alleyway. On June 9, 1931, at the office of Kwaterskis' attorney, there were present, in addition to the attorney, Mr. and Mrs. Fitzgerald, plaintiffs, and Mr. Kwaterski, when a general warranty deed was executed by the Fitzgeralds and delivered to Kwaterski for Lot No. 28. At the same time a separate written agreement, signed and acknowledged by Edward J. Dukovic and Barbara Dukovic, concerning the right-of-way, was explained by the attorney to Kwaterski, who promised to sign it and have his wife sign it, and return it to his attorney for recording. Since that time the Kwaterskis have refused to sign the agreement.

In its opinion entering a final decree dismissing the bill, the court stated that the testimony did show that defendants purchased their property from plaintiffs subject to an existing visible and notorious right-of-way in favor of Dukovics, and if they had been parties to this bill and relief had been asked for along lines suggested, under the testimony there would have been

no other recourse for the chancellor except to grant relief to these adjoining landowners.

In this connection the court below loses sight of the fact that the bill was filed (although for the benefit of the adjoining landowners) for the relief of the plaintiffs in the bill and to enable them to comply with their oral agreement to obtain for the Dukovics —in connection with their purchase of Lot No. 29— a right-of-way over Lot No. 28; in fulfillment of which agreement, they had, in good faith, acquired Lot No. 28 and constructed a cement walk in conformity with their oral agreement, which was plainly visible to the defendants when they accepted their deed and the purpose and intent of which they fully understood. See Immel v. Herb, 43 Pa. Superior Ct. 111.

Ordinarily, where the plaintiff has no interest in the land involved or the subject in controversy, he can not invoke the powers of a court of equity but we have found no authority which goes so far as to hold that where the plaintiff, who has agreed to provide an easement or alleyway upon the land, conveys that land upon the faith of an agreement by the grantee that he would execute a right-of-way agreement in accordance with the agreement entered into between the grantor and his prior grantees, such plaintiff has no such interest that the courts will protect. The mere passage of title would not divest the grantor of all such interest in the land as deprived him of any equitable standing to enforce the agreement upon the strength of which defendants had acquired title to the land. Under the decree as entered, although the agreement was found to have been entered into by defendants with the plaintiffs, the latter would be powerless to enforce the agreement in a court of equity. The facts as found by the chancellor clearly establish that defendants are evading the performance of an agreement upon the strength of which they

obtained title to the land conveyed. Under these circumstances we should not be swift to lend a listening ear to a purely technical defense.

We see no force in the position that there was a lack of agreement by Mrs. Kwaterski or by any person authorized to act for her. Under the facts, the husband was undoubtedly authorized to accept the deed, and he did so subject to the execution of the right-of-way agreement. If he was authorized to accept the deed on behalf of his wife, authority must also be imputed to him to agree that his wife would execute the right-of-way agreement.

The court below relied upon Craig v. Craig, 264 Pa. 380, 107 A. 719, and Lewandowski v. Koscziusko Assoc. et al., 77 Pitsb. Leg. Journal 222, as supporting the proposition that the plaintiffs did not have sufficient interest in the subject in controversy as would entitle them to file the bill. In Craig v. Craig, supra, an examination of the facts discloses that the plaintiffs in the bill did not show they had any interest in the land at any time while in Lewandowski v. Koscziusko Assoc., supra, the bill was dismissed for the reason that it did not disclose what connection the various defendants had with any alleged fraud, why they were parties and by what right plaintiffs are entitled to relief prayed for.

The court below further cited Hanna v. Chester Times, 303 Pa. 252, 154 A. 591, and Hartley v. Langkamp et al., 243 Pa. 550, 90 A. 402, in support of the proposition that the Dukovics were necessary parties to this action. The Dukovics had no contractual relation with the defendants, the entire agreement being between the plaintiffs in the bill and the defendants. For the purpose of enforcing the agreement which defendants had entered into with the plaintiffs, even though it were for the benefit of the Dukovics, we see no such indispensable relation as demands that they

be made parties to this bill. The rights of the Dukovics as against the Kwaterskis were predicated upon entirely different grounds. Plaintiffs relied upon a specific agreement with Kwaterskis while the Dukovics' rights were dependent upon whether Kwaterskis had purchased their property from plaintiffs subject to an existing visible and notorious right-of-way in favor of the Dukovics.

The decree is reversed and the record remitted to the court below with directions to reinstate the bill and enter a decree, in accordance with this opinion, subjecting defendants' property to the easement or right-of-way, as fixed by the cement walk constructed as aforesaid, in favor of Edward J. Dukovic, and Barbara, his wife, their heirs and assigns, tenants and occupiers of the adjoining premises. Costs to be paid by appellees.