## DiSanti v. Corning Glass Works

*Bloom, Bloom & Yard* and *Louis C. Glasso*, for plaintiff.

*McCloskey, Patrono & McCloskey*, for defendant.

PER CURIAM, February 8, 1956.—Plaintiff has filed a complaint in equity at the above number in which he seeks the aid of the court to compel defendant to reinstate him to the job of brick mason's helper to which he claims to be entitled under certain collective bargaining contracts between defendant corporation and the Federation Glass, Ceramic and Silica Sand Workers of America, CIO (now known as United Glass and Ceramic Workers of North America, CIO-CCL) and Local 53 thereof. To this complaint defendant has filed preliminary objections which now come before the court for disposition.

The third preliminary objection, taking them in inverse order, apparently has been abandoned by defendant and therefore need not be discussed at this time. Since the second objection must necessarily concern the union, in the consideration and disposition of which they should be permitted to participate, a ruling thereon will be postponed until it has had an opportunity to be heard in connection therewith, all of which is referred to hereinafter with reference to the disposition of the first preliminary objection.

This first preliminary objection of defendant is that the union, as a party to the contract relied upon by plaintiff in this case, and Frank Vinesky, the present incumbent in the job claimed by plaintiff, are necessary and indispensable parties to this action, and should therefore be joined as parties in this suit.

It is apparent from an examination of the complaint that both the union and the said Frank Vinesky have such an interest in this proceeding that a final decree cannot or should not be made without affecting both. To attempt to finally adjudicate the matter without permitting both to be heard would be wholly inconsistent with equity and good conscience.

As to the union, the determination of this matter involves the interpretation of a vital and important part of its contract with this defendant and possibly with many other employers. By the same token, a final determination of this matter involves the rights of Frank Vinesky to the job which plaintiff claims he is entitled to under this contract between the union and defendant and which job was apparently awarded to Frank Vinesky after a controversy settled by the machinery created by that same contract.

This rule as to indispensable parties is neither technical nor one of convenience, but goes to the jurisdiction of the court and affects the right of the court to grant the relief desired: Hanna v. Chester Times, 303 Pa. 252.

". . . it is a general rule in equity . . . that all persons materially interested, either legally or beneficially, in the subject matter of a suit, are to be made parties to it, . . . so that there may be a complete decree, which shall bind them all. By this means, the court is enabled to make a complete decree between the parties, to prevent future litigation by taking away the necessity of a multiplicity of suits, and to

make it perfectly certain, that no injustice is done, either to the parties before it, or to others, who are interested in the subject matter, by a decree, which might otherwise be grounded upon a partial view only of the real merits. When all the parties are before the court, the whole case may be seen; but it may not, where all the conflicting interests are not brought out upon the pleadings by the original parties thereto": Story's Equity Pleadings, §72.

To the credit of counsel for plaintiff, it must be observed that at the argument on this matter before the court en banc, he apparently recognized that the rule mentioned above might be applicable to this case and therefore offered no objection to sustaining this first objection of defendant. The court is firmly of the opinion that this case calls for the application of the aforesaid rule, and therefore the court makes the following

### Order Sustaining Preliminary Objection

And now, to wit, February 8, 1956, the preliminary objection filed by defendant that the Federation Glass Ceramic and Silica Sand Workers of America, CIO (now known as United Glass and Ceramic Workers of North America, CIO-CCL) and Local 53 and Frank Vinesky should be joined as parties to this suit, is hereby sustained, and

It is ordered, adjudged and decreed that the Federation Glass, Ceramic and Silica Sand Workers of America, CIO (now known as United Glass and Ceramic Workers of North America, CIO-CCL) and Local 53 and Frank Vinesky be made parties to this suit and that plaintiff, Paul DiSanti, be and is hereby given 30 days in which to file an amended complaint naming these said parties as defendants, in addition to the Corning Glass Works, and that service thereof be made on said additional defendants sec. reg.