MacKubbin, Appellant, *v.* Rosedale Memorial Park, Inc.

Argued May 6, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*F. C. Fiechter, Jr.,* for appellant.

*Joseph J. Cohen,* for appellee.

OPINION BY MR. JUSTICE COHEN, October 9, 1969:

The facts found by the chancellor and affirmed by the court en banc are as follows: Appellant's assignor (Blanche Peters for herself and as administratrix for her sister, Elizabeth Peters) received from Thomas A. Morris (Morris), President of Evergreen Memorial Park (Evergreen), a deed representing 212 burial lots in Evergreen in exchange for deeds to other burial lots. These new lots, however, were located in and owned by neighboring King David Cemetery (King David). This error was the result of a mistake by Morris who selected the lots to be given to the Peters in exchange for the lots surrendered. Since Morris lacked authority to convey King David property, Evergreen's deed was a nullity.

In 1959, Evergreen was adjudged bankrupt and Rosedale Memorial Park, Inc. (Rosedale) purchased

from the trustee in bankruptcy Evergreen's cemetery lands subject to the outstanding rights of burial and sepulchre.

Appellant brought this action in equity against Rosedale (which refused to recognize appellant's right in the 212 lots), the trustee in bankruptcy, King David, and Morris, to locate the lots of which appellant was the owner or such other relief, including reformation of the deed, that the court deemed proper. The decree of the chancellor dismissed the complaint as to all defendants except Morris, who has made the original "mistake" in selecting the lots conveyed to appellant, and against whom it was decreed that appellant could recover the market value of the original lots surrendered.

There can be no doubt that appellant's assignor was damaged. Properties of value were exchanged for a deed which conveyed nothing. But the chancellor found, and the court en banc agreed, that there was ample testimony that Rosedale was a bona fide purchaser, for value and without notice, of Evergreen's property. Despite appellant's allegation that Rosedale had knowledge or some kind of constructive notice of appellant's claim, the lower court found no evidence that Rosedale learned of any claim based on the deed given appellant, or for the burial lots exchanged therefor until August, 1961, one year after Rosedale's purchase of the property. Equity protects innocent purchasers by providing that a bona fide purchaser for value and without notice has a perfect defense in a suit brought by a holder of a prior equitable claim. *Witherow v. Vlachos*, 401 Pa. 576, 165 A. 2d 373 (1960);[1] *Lenheim v. Smith*, 54 Pa. Superior Ct. 147

---

[1] This Court affirmed the lower court which said at 39 Wash. Co. Rep. 139 (1959): ". . . While the jurisdiction of equity to reform a deed, which by mutual mistake fails to express the in-

(1913); Annot., 79 A.L.R. 2d 1180; Pomeroy, Equity Jurisprudence, 5th ed. §§767, 776, 870; Restatement, Restitution §13;[2] Williston, Contracts, rev. ed. §1548 at 4341.

Appellant also contends that if reformation is unacceptable, he should recover the burial lots which were surrendered for the nonexistent lots. He is asking for rescission or a declaration that the transaction is void for lack of consideration. Again the existence of an innocent purchaser must bar the requested relief. Rosedale justifiably relied on the absence of any claim by the Peters against the lands purchased by Rosedale from the trustee. The failure of appellant or the Peters to register their claim with Evergreen or the trustee permitted an innocent party to make a bona fide purchase. Equity will not impose additional obligations on such a purchaser.

Decree affirmed at appellant's costs.

Mr. Justice Roberts concurs in the result.

---

tention of the parties, is unquestioned, it is a power to be exercised with great caution. And this affirmative relief of reformation must always be subject to the limitation that it should never be conferred where a bona fide purchaser will be prejudiced thereby. Intervening rights must be protected and preserved."

[2] The black letter section reads: "A person who has entered into a transaction with another under such circumstances that, because of a mistake, he would be entitled to restitution from the other, (a) is not entitled to restitution from a third person who has received title to or a legal interest in the subject matter either from the other or from the transferor at the direction of the other, and has given value therefor without notice of the circumstances; (b) is entitled to restitution from a third person who had notice of the circumstances before giving value or before receiving title or a legal interest in the subject matter."