## Concord Liberty Savings and Loan Association
### v. Freedman

*William H. Markus,* for plaintiff.

*Abraham Fishkin, James L. Nardell* and *Howard F. Messer,* for defendants.

LYON, J., May 22, 1973.—This matter is before the court on preliminary objections in the nature of a demurrer filed by defendant, Keystone Bank (hereinafter referred to as bank), to plaintiff's complaint in equity. Plaintiff in this action is, by virtue of a merger,

the successor to Valley Savings and Loan Association, and is seeking reformation of a deed and mortgage and such other relief as the court may deem necessary and proper. The other defendants, J. Freedman and Sylvia Freedman, are husband and wife and have filed answers on the merits to the complaint.

The general function of preliminary objections in equity, as at law, is to provide a party an opportunity to question preliminarily the procedural steps by which the action has been brought before the court: American Caramel Co. v. Garfunkel, 53 Lanc. 399 (1953). In considering preliminary objections to a complaint the averments of fact made in the complaint must be accepted as true: Bechak v. Corak, 414 Pa. 522, 201 A. 2d 213 (1964); Bach Estate, 426 Pa. 350, 231 A. 2d 125 (1967). The instant complaint alleges that on February 19, 1969, wife-defendant, Sylvia Freedman, as sole owner of a tract of realty, conveyed a portion of the tract to husband-defendant by a deed reciting that the property transferred had erected thereon, warehouse and salesroom buildings. Husband-defendant used the land and building allegedly conveyed to operate a lumber business. The complaint further states that husband-defendant, on April 4, 1969, secured a mortgage on the property and the improvements thereon as described in the deed from plaintiff's predecessor in interest, Valley Savings and Loan Association. The aforesaid deed and mortgage were recorded in the Recorder of Deeds Office in Lawrence County, the situs of the land. Plaintiff then alleges that husband-defendant defaulted on the mortgage and plaintiff obtained a judgment and issued execution. Subsequently plaintiff discovered that the aforesaid improvements recited in the deed from wife-defendant to husband-defendant and in the mortgage from husband-defendant to plaintiff are

not on the realty conveyed and mortgaged but on adjacent land owned by wife-defendant. Plaintiff now seeks a reformation of the deed and mortgage to include the warehouse and salesroom buildings in order that the instruments may correctly reflect the alleged true intention of the parties at the time the instruments were made.

Defendant bank was made a defendant in the reformation action because it is a judgment creditor of the husband and wife defendants. The complaint alleges that on March 9, 1972, defendant bank obtained judgment by confession in the Court of Common Pleas of Allegheny County naming as judgment debtors the present husband and wife defendants. A certified copy of the docket entries and judgment was then filed by defendant bank with the Prothonotary of the Court of Common Pleas of Lawrence County. Plaintiff alleges that defendant bank had notice of plaintiff's mortgage on the property and improvements because the aforesaid deed and mortgage were of record prior to defendant bank obtaining and recording its judgment; and, on the face of these recorded instruments, it was specifically set forth that the warehouse and salesroom buildings were pledged as security for the mortgage. Therefore, plaintiff requests that defendant bank's lien on the realty and improvements in question obtained by the confessed judgment be found not to be a lien on the properties or at least that their mortgage be declared the first lien on the property and improvements. The essence of defendant bank's preliminary objection is that plaintiff has failed to state a cause of action against it because the validity of its judgment cannot be collaterally attacked in this action and there is no privity between defendant bank and plaintiff. However, these questions are not in issue in this action.

Plaintiff alleges that defendant bank, as a judgment creditor of the husband and wife defendants, has a material interest in the subject matter of this litigation. Therefore, plaintiff argues that under the rules of equity the presence of defendant bank as an interested party in this action is requisite to a complete adjudication of the controversy and that a final decree cannot be made without affecting the interests of defendant bank. The court agrees with plaintiff that defendant bank is an indispensable party to this action and, therefore, must dismiss defendant bank's preliminary objections.

Defendant bank is a judgment creditor of husband and wife defendants in this case and therefore its judgment is a lien upon realty owned by them: Act of July 3, 1947, P. L. 1234, sec. 2, 12 PS §878. Plaintiff, as aforesaid, is seeking reformation of the deed and mortgage to include land owned by wife-defendant and not presently within the deed and mortgage. The effect of such reformation, if granted, is to relate back to and take effect from the time of the original execution of the instruments by the parties and such reformation is conclusive and binding upon all except bona fide purchasers or encumbrancers without notice and those standing in a similar relationship: MacKubbin v. Rosedale Memorial Park, Inc., 435 Pa. 374, 257 A. 2d 587 (1969); Lenheim v. Smith, 54 Pa. Superior Ct. 147 (1913); 76 C.J.S. 490, §93. In the instant case the equity of reformation may have attached contemporaneously with the execution of the aforesaid deed and mortgage and, therefore, is prior in time and is not necessarily defeated by the rendition of defendant bank's judgment. The general rule is that equity can and will in a proper case grant reformation of instruments as against the intervening rights of purchasers and encumbrancers absent some

showing that they are innocent parties who would be prejudiced by the reformation: Lenheim v. Smith, supra; Seachrist v. Capps, 75 Montg. 361 (1959); 44 A.L.R. 78, 103; 79 A.L.R. 2d 1080, 1209. Where, as here, there are circumstances which may in common reason and prudence put a party on inquiry, by which inquiry it could have discovered the facts, then the party is considered to have notice and cannot avoid the reformation of an instrument which does not reflect the real intent of the parties. The resolution of this issue concerning defendant bank's notice and knowledge requires a full and complete hearing and, therefore, defendant bank's preliminary objections cannot be sustained.

The above rationale compels our finding that defendant bank's preliminary objections cannot be sustained because it is an indispensable party to this action and its absence would create a fatal jurisdictional defect and prevent the court from granting any relief which it may deem necessary and proper: Reifsnyder v. Pittsburgh Outdoor Adv. Co., 396 Pa. 320, 152 A. 2d 894 (1959); Hartley v. Langkamp and Elder, 243 Pa. 550, 90 Atl. 402 (1914); Oas v. Commonwealth, 8 Comm. Ct. 118, 301 A. 2d 93 (1973). An indispensable party is one who has a material interest in the litigation or in the subject matter of the litigation and whose interest will be affected in the proceedings: Potteiger v. Fidelity-Philadelphia Trust Co., 424 Pa. 418, 227 A. 2d 864 (1967); Rehr v. Fidelity-Philadelphia Trust Co., 310 Pa. 301, 165 Atl. 380 (1933); 8 Standard Pa. Pract., §46. The reason for the rule in equity that all parties interested in the subject matter of the litigation, whether it is a legal or equitable interest, must be before the court, is to effectuate equity's policy of settling all rights concerning the matter in litigation in one proceedings

and thereby avoid the necessity of a multiplicity of suits: Hanna v. Chester Times, 303 Pa. 252, 154 Atl. 591 (1931). In the instant case if the requested reformation is granted, the rights and interest of defendant bank may be seriously affected. Instead of possessing a lien on the realty unencumbered by the mortgage, the reformation will subject the land and the aforesaid warehouse and salesroom buildings thereon to plaintiff's mortgage and thereby reduce, if not completely negate, the interest of defendant bank. Therefore, defendant bank has a material interest in the subject matter of this litigation which will be adversely affected if the decree prayed for in plaintiff's complaint is granted. Thus, the presence of defendant bank in the instant litigation is necessary and mandatory.

It was incumbent upon plaintiff to concisely set forth in its complaint the facts upon which its cause of action is based and thereby put defendant bank on notice of the facts which it must refute: Line Lexington Lumber & Mill Work Co. v. Pennsylvania Publishing Corp., 451 Pa. 154, 301 A. 2d 684 (1973). This the plaintiff has done. Accepting, as we must, plaintiff's allegation that defendant bank had notice of plaintiff's interest, defendant bank is not an innocent encumbrancer and reformation of the instruments may be had against its interests. Defendant bank must be held to be an indispensable and proper party to this action. To hold otherwise would undoubtedly necessitate future actions between defendant bank and plaintiff mortgagee in regard to the subject matter of the instant litigation. All questions concerning the rights of the parties in the subject matter of this action can and must be decided in this one proceeding because any other finding would negate and be in complete contradiction to equity's rule of

avoiding a multiplicity of suits. Finally, preliminary objections, which will result in the dismissal of a suit against a party, will be sustained in equity only in those cases which are clear and free from doubt: Legman v. Scranton School District, 432 Pa. 342, 247 A. 2d 566 (1968). In explaining what is meant by this rule stated in Legman, the Supreme Court in the recent case of Allstate Insurance Co. v. Fioravanti, 451 Pa. 108, 111, 299 A. 2d 584, stated at 587: "By this we mean it must appear with *certainty* that, upon the facts averred, the law will not permit recovery by plaintiff. Any doubt should be resolved by a refusal to sustain the objections." (Italics supplied.) The instant case does not fall within the category of cases that are free and clear from doubt and, therefore, the preliminary objections will not be sustained.

## ORDER OF COURT

Now, this May 22, 1973, it is hereby ordered, adjudged and decreed that the preliminary objections filed herein by defendant, Keystone Bank, are each overruled and defendant, Keystone Bank, is given 20 days to file an answer to plaintiff's complaint.