**In re Robert Dale DUCK,
Linda S. Duck.**

**Bankruptcy No. 584–00650–M07.**

United States Bankruptcy Court,
W.D. Louisiana,
Monroe Division.

Sept. 10, 1986.

James M. Fowler, Jonesboro, La., for debtors.

Darrell R. Avery, Culpepper, Teat, Caldwell & Avery, Jonesboro, La., for Jonesboro State Bank.

## MEMORANDUM AND ORDER

STEPHEN V. CALLAWAY, Chief Judge.

On June 23, 1986, the Debtors filed a motion requesting that this Court declare the debt of Jonesboro State Bank be discharged in bankruptcy unless Jonesboro State Bank pay off Troy & Nichols Mortgage Companies and assume the position of first mortgagor. The record in this Chapter 7 case indicates that the Debtors' homestead has upon it a first and second mortgage. The first is by Troy & Nichols in the amount of approximately $42,587.00. The second is by Jonesboro State Bank and is approximately $32,628.00. The Debtors have reaffirmed under Section 524(c) the debt to the first mortgage holder, Troy & Nichols, Inc. However, the Debtors do not choose to reaffirm the mortgage of Jonesboro State Bank and seek to have this Court preclude the Trustee from transferring the property to the second mortgage holder under Section 363 of the Bankruptcy Code.

The Debtors argue that because there is no equity in the property Jonesboro State Bank must be classified as an unsecured creditor having no right to have the property adjudicated to them under Section 363.

The Court first notes that this case was filed on May 3, 1984, as a Chapter 13 and subsequently, on April 9, 1986, it was converted to a Chapter 7. Accordingly, this Court's dictates of May 19, 1986, do not apply and the Trustee may sell the property to the creditor, Jonesboro State Bank under Section 363 of the Bankruptcy Code.

Additionally, the Court notes the apparent problem with the Debtors' argument concerning lack of equity vis a vis whether or not Jonesboro State Bank is a secured creditor. The Debtors have not attacked any portion of Jonesboro State Bank's mortgage on the property and thus, the Court must conclude that concerning its in rem security the second mortgage holder is properly protected and thus, may acquire via the Trustee, the first mortgage. In general, Section 524 protects the debtor from any subsequent action by a creditor whose claim has been discharged in the bankruptcy case. Section 524 insures that a discharge will be completely effective and operates as an injunction against enforcement of a judgment or the commencement or continuation of an action in other Courts to collect or recover a debt as a *personal liability* of the debtor. See 3 Collier on Bankruptcy, paragraph 524.01 (15th Edition 1985) and *In re Santos*, 24 B.R. 688 (Bkrtcy.R.I.1982). While a discharge releases the debtor from any legal duty to repay the debt, a secured creditor, regardless of his equity possession, had the right before May 19, 1986, to have properties adjudicated to him by the Trustee under the authority of this Bankruptcy Court. Accordingly,

IT IS ORDERED that the motion to have Jonesboro State Bank's debt declared dischargeable, along with all other dischargeable debts is DISMISSED.

IT IS SO ORDERED.