Gerard Wattigny, New Iberia, La., for Bank of Iberia.

Gerald Schiff, Opelousas, La., for Daniel and Joseph Davis.

Hugh Wm. Thistlethwaite, Jr., trustee, Opelousas, La., for Daniel Davis.

Robert P. Brenham, trustee, Lafayette, La., for Joseph Davis.

**In re Daniel DAVIS, Joseph D. Davis and Evelyn Davis, Debtors.**

**Daniel DAVIS and Joseph D. Davis, Plaintiffs,**

v.

**BANK OF IBERIA, Defendant.**

**Bankruptcy Nos. 485–00884–LO–7, 485–01458–LO–7.**

**Adv. No. 88AV–50050.**

United States Bankruptcy Court, W.D. Louisiana, Lafayette–Opelousas Division.

Feb. 23, 1989.

## MEMORANDUM OPINION

W. DONALD BOE, Jr., Bankruptcy Judge.

This Opinion concludes on cross motions for summary judgment that mortgage reformation, even though a "personal action" under Louisiana law, is not prohibited by the discharge in bankruptcy because it could not result in personal liability.

Plaintiffs Daniel and Joseph Davis are discharged debtors. They seek to have the Bank of Iberia enjoined from pursuing a state court action for reformation of a mortgage. Plaintiffs contend that under Louisiana law an action to reform a contract is a personal action even when applied to real estate and that 11 U.S.C. Sec. 524 precludes such a personal action against debtors who have received discharges under 11 U.S.C. Sec. 727. The Bank contends that its attempt to reform the mortgage

cannot result in personal liability in violation of Sec. 524 but only in correction of a lien it could enforce post-discharge.

The issue to be decided is whether under the facts of this case the action to reform or correct the mortgage is prohibited under Sec. 524 as an action to collect or recover a debt as a personal liability of the debtors. The facts set out below are not disputed.

On May 19, 1970, Plaintiffs mortgaged to Evangeline Life Insurance Company the Davis Furniture Store location (the Store) and an adjacent back lot (the Lot) fronting Swain Street in New Iberia. On February 9, 1982, Plaintiffs granted to the Bank of Iberia a second mortgage containing a description of the Store and failing to contain a description of the Lot. Plaintiffs subsequently filed bankruptcy and received Chapter 7 discharges. The trustee abandoned the Store and the Lot.

The Bank then filed in state court a petition for executory process seeking to foreclose on the Store. The Store was sold at Sheriff's sale to the Bank for $69,166.49; the Sheriff paid the Insurance Company $65,513.16, the balance due on its first mortgage on the Store and the Lot. The Bank obtained from the Insurance Company an assignment of the promissory note and mortgage held by the Insurance Company. The Bank then surrendered the note marked "Paid" to the Plaintiffs. The mortgage formerly held by the Insurance Company was cancelled from the public records, leaving the adjacent Lot free and clear of all recorded liens and encumbrances.

On April 19, 1988, the Bank filed suit in the Sixteenth Judicial District Court in Iberia Parish seeking to reform the 1982 Act of Collateral Mortgage to include the Lot, alleging that such was the original intent of the parties. Plaintiffs seek in this Bankruptcy Court to enjoin the reformation suit as violating Sec. 524.

Plaintiffs contend that Louisiana jurisprudence is well settled that an action to reform a mortgage is a personal action, even when applied to real estate, citing *Agurs v. Holt*, 232 La. 1026, 95 So.2d 644 (1957); *Vallee v. Vallee*, 180 So.2d 570 (La.App. 3d Cir.1965); *Campbell v. Thom-*

*as*, 140 So.2d 163 (La.App. 3d Cir.1962). Under *Agurs v. Holt, supra*, reformation is an equitable remedy to correct mistakes or errors in written instruments when such instruments as written do not express the true contract of the parties.

That Louisiana courts have labeled actions for reformation as personal actions is clear. *See Pipes v. Pipes*, 343 So.2d 329, 332 (La.App. 2d Cir.1977). However, the real issue is whether this label has any bearing on whether reformation will result in a determination of the personal liability of the debtors as is contemplated by Sec. 524(a)(1) or (2) of the Bankruptcy Code. Nothing in these provisions suggests that a state's label determines whether an action is one which may result in the debtor's personal liability.

Moreover, Sec. 524(a) does not apply to post-discharge enforcement of a valid pre-bankruptcy lien not avoided under the Bankruptcy Code. Unavoided liens pass through bankruptcy and survive unaltered in the post-discharge period. *Chandler Bank of Lyons v. Ray*, 804 F.2d 577 (10th Cir.1986); *In re Duck*, 64 B.R. 784, 785 (W.D.La.1986); *In re Landmark*, 48 B.R. 626 (Bankr.D.Minn.1985); *Polk County Fed. Sav. & Loan Ass'n. v. Weathers (In re Weathers)*, 15 B.R. 945, 951, 5 C.B.C.2d 935, 943, 8 B.C.D. 524 (Bankr.K.Kan.1981); *In re Sillani*, 9 B.R. 188, 189, 3 C.B.C.2d 883, 885 (Bankr.S.D.Fla.1981); *The National Bank & Trust Co. of Columbus v. Williams, (In re Williams)*, 7 B.R. 234, 239, 3 C.B.C.2d 409, 416 (Bankr.M.D.Ga. 1980); 3 *Collier on Bankruptcy* Sec. 524.-01[3] (15th ed. 1988).

The permissibility of post-discharge enforcement of valid liens appears to have been reinforced by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA), P.L. 98–353. Prior to BAFJA, Sec. 524(a)(2) had read:

"(a) A discharge in a case under this title—

\* \* \* \* \* \*

(2) operates as an injunction against the commencement or continuation of an action, the employment of process,

or any act, to collect recover or offset any such debt as a personal liability of the debtor, <u>or from property of the debtor</u> whether or not discharge of such debt is waived." [Emphasis supplied].

The underscored language referring to "property of the debtor" was deleted by BAFJA in 1984.

The legislative history of Sec. 522(c) also supports post-discharge enforcement of rights *in rem:*

> "The bankruptcy discharge will not prevent enforcement of valid liens. The rule of *Long v. Bullard,* 117 U.S. 617 [6 S.Ct. 917, 29 L.Ed. 1004] (1886); is accepted with respect to the enforcement of valid liens on non-exempt property as well as exempt property."

H.R.Rep. No. 595, 95th Cong., 1st Sess. 361, (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6037, 6317. *See also, Chandler Bank of Lyons v. Ray, supra;* at 579; 3 *Collier on Bankruptcy* Sec. 524.-01[3] (1988).

Plaintiff's Rebuttal Memorandum appears to concede that Sec. 524 does not preclude actions by creditors to enforce *in rem* unavoided liens. However, Plaintiffs contend that the Bank has already fully enjoyed and exhausted its resort to this principle when it foreclosed on the Store. They urge that this principle does not extend to the reformation suit concerning the Lot because it involves a "personal" action rather than an *"in rem"* action. These arguments are without merit. The action is "personal" under state law but could only result in relief *in rem,* that is, the only source from which a reformation judgment could be recovered would be the Lot itself.

The state court action, if successful, will not affect the personal liability of the Plaintiffs in contravention of Sec. 524. The state court action at most could only result in foreclosure on the Lot, *i.e.;* the enforcement of a valid lien. The Bank has denied any intent to pursue a deficiency judgment, which would clearly be prohibited under Sec. 524.

Plaintiffs also cite bankruptcy decisions in which creditors were denied mortgage reformation that would have prejudiced trustee "strong arm" powers as a hypothetical bona fide purchaser under Sec. 544(a)(3). *See, e.g., Iowa–Missouri Realty Co. v. United States Small Bus. Ad'm. (In re Iowa–Missouri Realty Co.)* 86 B.R. 617 (Bankr.W.D.Mo.1988); *Northeastern Bank of Pennsylvania v. White Beauty View, Inc. (In re White Beauty View),* 81 B.R. 290 (Bankr.M.D.Pa.1988). Trustee rights and powers are not affected by this decision. The trustee abandoned both the Store and the adjacent Lot.

In conclusion, the Court finds that this case presents no genuine issue of material fact and determines the Bank is entitled to judgment as a matter of law. Bankruptcy Rule 7056.

An appropriate Order is being entered contemporaneously with this Memorandum Opinion DENYING the motion for summary judgment filed by Daniel Davis and Joseph D. Davis and GRANTING the motion for summary judgment filed by the Bank of Iberia.