**In re George Richard PEEBLES, Debtor.**

**George Richard PEEBLES, Movant,**

v.

**COMMERCIAL CREDIT CORP., Respondent.**

**Bankruptcy No. 94–10588.**

United States Bankruptcy Court,
W.D. Pennsylvania.

July 12, 1996.

Robert J. Tregaser, Pittsburgh, PA, for Commercial Credit Corp.

Paul W. Johnson, New Castle, PA, for Debtor.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Introduction

George Richard Peebles ("Debtor") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on August 29, 1994. Debtor was granted a discharge and the case was closed on November 30, 1994. In April, 1996, Commercial Credit Corporation ("Commercial Credit") filed an equity action in the Court of Common Pleas of Mercer County, Pennsylvania, seeking reformation of a mortgage to include the Debtor's residence. The Debtor then filed the within MOTION TO ENFORCE DISCHARGE ORDER on April 11, 1996. The discharged Chapter 7 Debtor seeks to enjoin Commercial Credit from pursuing state court action for reformation of a prepetition mortgage. Presently before the Court is the Debtor's Motion for Summary Judgment ("Motion"). Commercial Credit opposes the Motion. After a review of the facts set forth by the parties, it appears that there is no genuine issue of material fact and that summary judgment is appropriate.

### Undisputed Facts

1. Debtor filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on August 29, 1994 (the "Filing Date").

2. Debtor listed Commercial Credit as a creditor on Schedule D (Creditors Holding Secured Claims) as having a "Second Mortgage on the Ruth St. empty lot" ("Vacant Lot").

3. Debtor listed the total amount of Commercial Credit's claim as $27,213 and the unsecured portion as $22,213.

4. Debtor listed the value of the Vacant Lot as $5,000 on Schedule D and on Schedule A.

5. As of the Filing Date, Debtor also owned another lot upon which Debtor's residence is located ("Residence").

6. Commercial Credit filed a proof of claim indicating that its debt was secured by real estate but did not specify whether the real estate was the empty lot or the Residence. Debtor did not object to the proof of claim since Debtor agrees that the debt was secured by real estate, namely the Vacant Lot. Neither party filed a motion to determine the secured status of the debt.

7. Debtor was granted a discharge and the case was closed on November 30, 1994.

8. In April of 1996, Commercial Credit filed an equity action in the Court of Common Pleas of Mercer County, Pennsylvania seeking reformation of a mortgage involving Debtor.

9. Commercial Credit asserts in its action that it holds a mortgage not only on the Vacant Lot but also on the Residence.

10. Commercial Credit asserts that an error was made at the time of preparation of the mortgage documents and that the Residence should have been included in the mortgage.

11. Should Commercial Credit succeed in having its mortgage reformed, then Debtor's Residence would fall within the mortgage and Debtor would be responsible for payment of the full debt to Commercial Credit or face possible foreclosure.

12. At the time of the filing of the bankruptcy, Commercial Credit did not have a mortgage which described or encompassed the Residence.

13. For purposes of the present Motion for Summary Judgment, it is admitted that the Residence was not described in the mortgage due to the mutual mistake of the parties.

14. Debtor, in Schedule C, exempted the Residence under 11 U.S.C. § 522(d)(1).

15. The present Chapter 7 case was never dismissed.

### Assertions

Debtor asserts that as of the Filing Date, Commercial Credit had no mortgage filed against the Residence; that under 11 U.S.C. § 522(c), property of the Debtor is not liable after the case for any obligation that arose prior to the Filing Date unless such property was subject to a lien as of the Filing Date; that since Debtor's obligation to Commercial Credit arose prior to the Filing Date and since Commercial Credit held no lien on the Residence, the Residence is not liable for the debt; and that Commercial Credit may not now proceed against the Residence by way of foreclosure or reformation. Debtor also seeks attorney's fees in the amount of $2,000 due to Commercial Credit's alleged violation of the permanent injunction of 11 U.S.C. § 524(a)(3).

Commercial Credit asserts that the Residence has passed through bankruptcy subject to its legal and equitable claims which existed prior to the Filing Date; that its efforts to enforce an equitable lien on the Residence are appropriate and not a violation of § 524; that it is not attempting to enforce a personal liability of the Debtor or to collect from property of the Debtor acquired after the Filing Date; that the Debtor cannot utilize the Trustee's § 544 "strong arm" status because Debtor would improperly be attempting to avoid a consensual mortgage lien under § 522 in order to preserve an exemption.

### Discussion

██ Pennsylvania law recognizes equitable principles which allow reformation of a mortgage where only one of two lots is included in the mortgage by reason of mutual mistake. See *Trachtenberg v. Glen Alden Coal Co.*, 354 Pa. 521, 527–28, 47 A.2d 820, 823 (1946). These equitable principles are not applicable against a bona fide purchaser. *In re Whitlow*, 116 B.R. 158 (Bankr.W.D.Mo. 1990); *MacKubbin v. Rosedale Memorial Park, Inc.*, 435 Pa. 374, 257 A.2d 587 (1969).

██ Pursuant to 11 U.S.C. § 544(a)(3), a bankruptcy Trustee has the status of a bona fide purchaser as of the date of bankruptcy. Thus, Commercial Credit could not obtain reformation of its mortgage as against the Trustee. *Whitlow* at 159–60. The Trustee also prevails over any equitable claim asserted by Commercial Credit. *Id.*

■ Under § 522, a Chapter 7 debtor may assert the rights of a trustee and may exempt any property recovered to the extent of the debtor's allowable exemptions. *In re Romano,* 175 B.R. 585 (Bankr.W.D.Pa.1994).

Our research has revealed one case where the Chapter 7 Trustee abandoned his rights to the real estate and the mortgagee sought reformation of the mortgage to include a parcel which was inadvertently not included. *In re Davis,* 99 B.R. 732 (Bankr.W.D.La. 1989). The court allowed the reformation to proceed, stating that since the trustee abandoned the property in question, the trustee's rights and powers were unaffected. *Id.* at 734. The *Davis* court did not address a debtor's right to step into the shoes of the trustee's hypothetical bona fide purchaser status and to claim any recovery as exempt property.

■ Commercial Credit asserts that reformation is appropriate because the Debtor had knowledge of the mistake. The "equitable" mortgage might be valid between the Debtor in the capacity of mortgagor and Commercial Credit as mortgagee, but following bankruptcy, the Debtor steps into the shoes of the Trustee as a bona fide purchaser. *In re Rice,* 133 B.R. 722, 728 (Bankr. E.D.Pa.1991). A search of the records pertaining to the Debtor's properties on the Filing Date would have shown that the Residence was free of any lien of Commercial Credit. Just as the Trustee could prevent reformation for the benefit of creditors, the Debtor may invoke § 544 to preserve his exemptions, irrespective of the benefit to creditors of the estate under § 522. *In re Rice,* 126 B.R. 189, 193 (Bankr.E.D.Pa.1991).

The Trustee, as the hypothetical bona fide purchaser (and into whose shoes the Debtor steps), is not charged with any actual knowledge that the prepetition debtor may have had as to a mistake in the description in Commercial Credit's mortgage and thus, the Debtor's rights in lieu of the Trustee as a bona fide purchaser as to the Debtor's residence are superior to those of Commercial Credit. *In re Herr,* 79 B.R. 793, 800 (Bankr. N.D.Ind.1987).

Commercial Credit argues that Debtor is ineligible to assert an exemption claim under 11 U.S.C. § 522(g) because the Debtor voluntarily transferred the Residence, i.e., the Debtor voluntarily signed the mortgage. The argument fails because the mortgage which the Debtor signed covered only the Vacant Lot. Conversely, Debtor did not sign a mortgage covering the Residence. Hence, Debtor is not attempting to exempt property which he previously transferred.

Accordingly, we find that the Debtor takes title to the Residence free and clear of all liens of Commercial Credit. We further find that the law on the issues presented is sufficiently unclear such that Commercial Credit did not proceed in bad faith and therefore, Debtor's request for attorney's fees will be refused.

*ORDER*

This 12th day of July, 1996, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED as follows:

1. Commercial Credit Corp. is secured only by the vacant lot adjacent to the Debtor's residence.

2. Commercial Credit Corp. has no security interest in the property located at 183 S. Mercer Street, Greenville, Pennsylvania, upon which Debtor's residence is located.

3. Commercial Credit Corp. shall cease from further prosecution of its equity action in the Mercer County Court of Common Pleas which seeks to reform its mortgage to include the Debtor's residence.

4. Debtor's request for attorney's fees is refused.